McClure et al. v. Hill.

2. EQUITY JURISDIC- TION: To cancel satisfac- tion of judgment.

## McCLURE ET AL. V. HILL.

1. JUDGES: *Liability for their official acts.*

   Judges of inferior courts of limited jurisdiction are civilly liable if they transcend it. Their acts are nullities and they become participants in a trespass. *Aliter*, as to judges of courts of general jurisdiction. They are protected against civil suits for any act done in a judicial capacity, whilst inferior magistrates are protected only for acts done within their jurisdiction.

2. JURISDICTION: *Of inferior courts not presumed.*

   Jurisdiction of inferior courts can not be intended. It must be shown.

3. SAME: *Affidavit in replevin before justice of the peace must show.*

   The affidavit filed before a justice of the peace for an order of delivery, in an action of replevin, must show that the value of the property does not exceed $300, as essential to show, if not to confer, jurisdiction on the justice; and if he issue the order without such showing, he is jointly liable with the constable for the trespass in executing it.

4. TRESPASS: *Officer executing illegal process.*

   If a constable execute an order of delivery issued by a justice of the peace, which does not show the value of the property; or if he execute a valid order without taking bond from the plaintiff, he is not protected by the order in an action for the trespass.

5. SAME: *Taking property by color of process.*

   The taking of property by color of legal process, is, in fact, taking by force, and a trespass, if the process be illegal; and it is no excuse to the officer that the owner yielded to it.

McClure et al. v. Hill.

6. SAME: *Taking property under a mortgage.*

A mortgage authorizing the mortgagee to take possession of the mortgaged property, upon default of payment, "as his own property and without any process of law," confers no authority to him, or to an officer for him, to take it otherwise than peaceably.

7. DAMAGES: *For taking property.*

The measure of damages for taking property, where the property and right of possession were in the plaintiff, is the value of the property and the direct damage inflicted by the taking. This is the true rule against a mere tortfeasor, without interest, whatever may be the plaintiff's interest. But where a mortgagor in possession, having an equity of redemption, sues the mortgagee for forcibly taking the property, his damages will be the excess of the value of the property above the mortgage debt, and the actual damages directly resulting from the wrongful taking; but if the value does not exceed the debt, and there was no actual injury, his damages will be only nominal.

8. PARTNERS: *Their liability for trespasses of copartners.*

A partner is civilly liable for any act committed by a copartner in the course of the partnership business; and one not a partner will be liable for the taking of property for his benefit, if he participates in the fruits of the seizure with a knowledge of the circumstances.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Du Val & Cravens*, for appellants:

Regular process protects ministerial officers. 5 *Wend.*, 240; 2 *Johns. Ca.*, 49; 7 *Cowen*, 249. Unless it appears void on its face. 5 *Wend.*, 170; 17 *John.*, 146; 14 *ib.*, 246; 19 *ib.*, 37. Mortgagee has right of action for the property after default. 18 *Ark.*, 166. Where one of defendants alone acts maliciously, others can not be punished by smart money. *Sedgw. on M. of Dam.*; 1 *Exch. Rep.*, 131. Action does not lie against justice of the peace acting honestly. 5 *Little*, 172; and if he has jurisdiction his acts are not void. 9 *Cowen*, 61.

*Clendenning & Sandels,* for appellee:

Writ in the former case a nullity. 10 *Mo.*, 770; 26 *ib.*, 601; 43 *ib.*, 344. Any one acting under it a trespasser. 19 *John.*, 41; 5 *Wend.*, 276.

### STATEMENT.

EAKIN, J. Cleared of immaterial matter, the record presents this case:

Hill, on the fifteenth of January, 1876, executed to McClure & Morris a bill of sale of a horse and mare to secure to them the payment, in five weeks, of any debt which Hill owed them. The consideration of the instrument is expressed at ninety-three dollars, which was evidently the debt intended. Upon default of payment of the entire amount they were empowered "to take possession of said horse and mare as their own property, without any process of law."

The debt was not paid in full. Something remained due at the end of five weeks. On the fifteenth of June, 1877, they filed a substantial copy of the bill of sale with defendant, John F. Williams, a justice of the peace, with an affidavit to the effect that the original had been lost or destroyed, "and that said property has not been redeemed as therein provided," and praying that the horse and mare be immediately turned over to McClure & Morris. Whereupon, said justice issued what purports to be an order of delivery of that date, reciting that McClure & Morris were entitled to the property (describing it) now in possession of R. J. Hill, and ordering the constable, at once, to take them from his possession, turn them over to McClure & Morris and make return on the twenty-third of June.

Defendant, George E. Williams, the constable, took this

McClure et al. v. Hill.

writ, found Hill plowing with the horse, took him by showing the order, and by Hill's yielding thereto, and delivered it to McClure & Morris.

Complainant then brought this suit, in the nature of trespass, against McClure, Morris, John F. and George E. Williams, charging that they forcibly and unlawfully took the horse, carried it away, and converted it;—alleging its value at $100. He further alleged, that thereby he suffered great hardship and inconvenience, and was put to cost and expense in replacing the horse for his crop; and in efforts to recover him. He claimed $300 damages.

Defendants answered in three separate paragraphs:

1. Denying generally the tortious taking.

2. Justifying under the chattel mortgage.

3. Justifying under the proceedings before the justice.

Upon trial, the jury found for plaintiff, and assessed his damages at $200, for which judgment was rendered. There was a proper motion for a new trial, and bill of exceptions. The evidence is, substantially, as above stated. The instructions will, so far as may be necessary, be noticed in the opinion.

### OPINION.

The evidence does not sustain any idea of a conspiracy amongst defendants to do an unlawful act. From all that appears, McClure & Morris (or McClure acting for both) may have simply intended to avail themselves of what they supposed to be a lawful right; and the justice may have supposed, as we must presume he did, that his proceedings were lawful. The complaint itself, alleging the value of the only property taken under the order, fixes it at $100, and the verdict of the jury fixes it at $75. Justices of the peace have jurisdiction in replevin to the extent of $300 in value. The affidavit upon which he acted in issuing the

1. JUDGES: Liability for their official acts.

order of delivery, fails to set forth the value of the property, and there is nothing apparent in the proceedings before him to show that the horse and mare together were of a value within the limit of his jurisdiction. Nor is it shown by way of defense, or otherwise, in the case before us. Judges of inferior courts of limited jurisdiction are civilly responsible if they transcend it. Their acts are nullities, and they become participants in a trespass. Otherwise, as to judges of courts of general jurisdiction. They are protected against civil suits for any act done in a judicial capacity; whilst with regard to inferior magistrates, the protection extends only to acts within their jurisdiction. See *Yates v. Lansing, 5 John., 282*, a very well considered opinion by Chief Justice KENT; also, *Welch v. Loyd, 5 Ark., 367; Trammell v. The Town of Russellville, 34 Ark., 105; Piper v. Pearson, 2 Gray, 120.*

In case of an honest mistake of jurisdiction by the judge of an inferior court of limited powers, the defense can only go to the damages. He can not claim protection. He is chargeable with the duty of seeing that he has it, although, within it, the law enables him to act freely and fearlessly, as it does with regard to judges of superior courts of general jurisdiction in all cases.

2. JURISDICTION: Of inferior courts not presumed. And jurisdiction of inferior courts can not be intended. It must be shown. (*Cooley on Torts, 416, et seq.*) There is no hardship in this. It is of the utmost consequence to public peace and private rights, that the inferior courts should not usurp jurisdiction in matters not intrusted to them, and an inferior judge may always be safe in solving

3. Affidavit for delivery order must show jurisdiction as to value of property. any doubts against his power. The affidavit filed in this case is grossly deficient, in failing to set forth the value of the property, which was essential to show, if not confer, jurisdiction. It could not appear to the justice that the cause was one within his cognizance; nor is it shown by

McClure et al. v. Hill.

proof *aliunde*. He is jointly liable for any trespass committed.

Nor is the constable protected by the order.

First, because it is not in accordance with law, which requires the value of the property to be stated therein; a matter sufficient to put him on his guard where the power to issue depends upon the amount; and, second, because it gave him, even if valid, no power to act without first taking bond from the plaintiff, which he neglected. *Gantt's Digest, secs. 5035 to 5038.*

4. TRESPASS: Officer executing illegal process.

The taking by color of legal process, to which plaintiff yielded, was, in fact, a taking by force, and a trespass. It is laudable in a citizen to bow to what he supposes to be the mandates of the law, and he can lose no advantage thereby, against those who act under their color.

5. ———: Taking property by color of process; or

The taking by force was not justified by the mortgage. The legal title was doubtless in McClure & Morris, with the right of possession, but they could only take it peaceably. They could not right themselves by their own strong hands; and, as above said, the taking by their agent, the constable, was equivalent to force.

6. Under a mortgage.

Considering all parties liable, the question arises of the measure of damages. They should be compensatory merely, unless the jury should have found them to result from malice, or conduct wantonly injurious. There was no proof upon which such finding could have been based; nor is there any reason to suppose the jury had it in view. They were, indeed, instructed (and so far properly) to find, by way of special damage, independently of the value of the horse, only such as was actual.

The rules for the measure of damages for the taking of personal property, when not exemplary, have been formulated from cases where the property and rights of possession were in the plaintiff. In such cases the true rule is the

7. DAMAGES: For taking property: Rule for.

18—36

value of the property itself, and the direct damage inflicted by the taking.

This rule was given to the jury, by the court, in this case, on the application of plaintiff, and against the objections of defendant. It is the true rule against a mere tort-feasor showing no interest in himself, whatever may be the interest of plaintiff. The question arises, does it apply where the plaintiff, seeking redress, has only an equity of redemption, and the legal title, as well as the right of possession, was, at the time of the taking, in the defendants?

In determining questions of this nature, courts of law have resorted largely to equitable principles, to avoid circuity of action. See notes and cases cited in the *6th edition of Sedgwick on Meas. of Dam., p. 482, mar.* The property was taken and disposed of, or at least is gone from the plaintiff, and if damages be now estimated with any reference to its value, the title will have passed free of other equities on plaintiff's part, for a recovery on an account. How have the transactions affected the real rights of the parties?

Defendants had legal title and right of possession, but were not absolute owners. Notwithstanding default the plaintiff might have redeemed. By taking away the horse and converting it they cut off this right. They got more at the same time than their real interest, which was the amount of the debt.

They are not liable for the *whole* value of the horse, but for the difference between that and their true debt, if the value be greatest. If the debt be greatest, the damage would be only nominal. There was some conflicting proof as to the amount of the debt.

It should, by a proper instruction, have been left to the jury under the evidence to determine both the debt and the value of the horse; and if the latter were found great-

est, to render a verdict for the difference; if less, no verdict for value, but nominal damages. for the tortious taking. No other actual damages were proven as the direct consequence of the wrongful taking, but if there had been, a verdict would have been proper for them in addition. There was error in instructing the jury on the matter of damages, and error in their verdict which was not only for the full value of the horse, but for $125 damages sustained by no proper proof.

The instructions of the defendant which were refused, were framed to make the impression upon the jury that the mortgage and default, and order of delivery were justifications of the taking. Although in their language they express correctly the law, that they under the circumstances had right of possession, yet as that did not authorize the trespass they were properly refused.

The court also properly refused to instruct that if either defendant was not present at the time of the trespass, and did not aid and abet the taking, he would not be liable. Morris, who seems to have been a partner, would be civilly liable for any act done by his copartner in the course of the partnership business, or if not a partner, would be liable on his personal assent to the proceedings by participating in the fruits of the seizure with knowledge of the circumstances. The instruction would have been misleading if given.

8. PARTNERS: Their liability for trespasses of each other.

There are other points made, but it is thought they will all find solution in those already determined.

The court erred in overruling the motion for a new trial, which should have been sustained on the ground of error in the instruction as to damages, and for excess of damages in the verdict.

Reverse and remand with usual order.