## JONES V. HORN.

1. **DAMAGES**: *Measure of: Conversion of chattel.*

    Where a mortgagee of personal property takes and sells it in the exercise of a right existing under the mortgage, and becomes a wrong-doer only by reason of the improper method of exercising his right, he is liable to the mortgagor, in the absence of special damages, only for the value of the property at the time of its conversion, less the amount of the mortgage debt.

2. **SAME**: *Conversion of tenant's crop: Recoupment.*

    In an action by a tenant against his landlord, for the conversion of a crop, the defendant's lien on the crop for rent may be made the subject of recoupment in his favor.

APPEAL from *Independence* Circuit Court.

J. W. BUTLER, Judge.

The appellant, Jones, who was the plaintiff in the court below, to secure an existing indebtedness of $235.66 to V. Y. Cook, and also the amount of future advances to be made by Cook, executed to B. M. Cook a deed of trust, conveying to the latter certain mules, hogs and farming implements, and also all the corn and cotton which he might raise during the year 1886, on a farm belonging to the appellee, Horn. The deed was executed on the 9th day of January, 1886, and provided that the whole indebtedness should become due and payable on the first day of October following. On the 15th of June, 1886, V. Y. Cook, after having advanced to Jones

$50.90 in supplies, for which, under contract with Horn, he held a first lien on Jones' crop, sold to Horn his debt on Jones and delivered to him the deed of trust.

It was stipulated in the deed of trust that, if default should be made in the payment of the debts, the trustee was authorized to take possession of the property without legal process, and to sell the same at public auction, for cash, after giving ten days' notice of the time, place and terms of sale. The deed also contained the following stipulation: "And it is distinctly understood that any neglect, ill treatment or abandonment of any of the aforementioned property, is, at the discretion of the said party of the third part, to work a forfeiture of all rights of said party of the first part therein, and this trust may be foreclosed just as if said indebtedness had matured and default in payment thereof had been made."

After his purchase from Cook, Horn furnished Jones, during the months of June and July, $50.70 in supplies and labor to assist him in cultivating his crop.

On the 9th day of August, 1886, Horn went into the field where Jones was ploughing, and without the consent of the latter, unhitched the mules from the plows and took possession of the mules, plows, gears, etc., mentioned in the deed of trust. He at the same time notified Jones that he took possession of the crop, and that Jones was thereafter to have nothing to do with it. At the time of the seizure of such property, Jones was indebted to Horn in the sum of about $351.00 on the mortgage and owed him the rent for the land on which the crop was growing. Horn advertised the property for sale under his own signature as "assignee," and had it appraised by three persons who were not previously selected and sworn as the statute requires, but who afterward made oath to their appraisement, which amounted to $424.00. By

Horn's request, B. M. Cook, the trustee, attended at the time and place fixed by Horn's notice and offered the property for sale. Horn became the purchaser for the sum of $309.00, and Jones then sued him for the unlawful taking and conversion of the property and also for the use of the mules. Horn answered, setting up the execution of the deed·of trust, his purchase of the debts secured, his advance to Jones, in addition to the advance made by Cook; that he took possession of the property under authority of the trustee, because of Jones' neglect to give the crop the necessary cultivation; that the gross value of all the property purchased by him, without deducting anything therefrom for rent due him, was less than the mortgage debt, and denying that the plaintiff had sustained any damage.

On the trial the court gave the jury, among other instructions, the following, which were objected to by the plaintiff:

1. The jury are instructed that if you find, from the evidence in this case, that the plaintiff was the owner of the property described in his complaint, and that he was in the peaceable possession thereof, and that the defendant unlawfully took said property out of his possession and afterwards wrongfully converted it to his own use, then you should find for the plaintiff, and assess his damages at the full value of the property so unlawfully taken and wrongfully converted, unless you further find from the evidence in the case, that by act of the plaintiff, under the deed of trust, the defendant had a right to foreclose the lien created by said deed, and in that event the damages would be the difference between the actual value of the property at the time of the taking and the mortgage debt; and if the value of the property does not exceed the mortgage debt, then you should only find for the plaintiff nominal damages.

2. The jury are instructed that if you find for the plaintiff, then, in arriving at the value of the property taken from him by the defendant, you should take as a basis the estimated probable yield of the crops of corn and cotton at the maturity of said crops, as shown by the evidence, and without making any deduction for what may have been wasted or destroyed, if any waste or destruction occurred, while in the defendant's possession. But if no waste or destruction occurred, then you should estimate the actual yield of the crop, and you should give plaintiff the highest market value of said corn and cotton, as shown by the evidence, at any time after the maturity of said crop and the commencement of this action, and this value you will estimate without regard to any outlay or expense which defendant may have incurred after he took possession of said crop. And in estimating the value of the other property, you should give the highest market value as shown by the evidence at any time after the taking and before the commencement of this suit, and to which you should add the value of the use of the mules from the taking to the commencement of this suit; unless they find from the evidence that the defendant had the right to foreclose his lien at the time of the taking, and in that event the measure of damages would be the value of the property at the time of the taking, and they would be authorized to find for the plaintiff nominal damages and whatever they may find from the evidence the property was worth in excess of the defendant's mortgage, if any.

3. The jury are instructed that if you find from the evidence that the plaintiff rented land from the defendant for the year 1886, and that V. Y. Cook held a deed of trust upon all the crop of plaintiff growing upon said land for that year, and also upon the mules and farming utensils owned by

Jones v. Horn.

plaintiff at the time, to secure a debt owing by plaintiff to said Cook, and which debt would not become due until the 1st day of October, 1886, and that said Cook was threaten-.ing to have said deed of trust foreclosed before the maturity of said debt; and that, in order to prevent the foreclosure of said deed of trust and the sacrifice of his property by a pre-mature sale of it, the plaintiff and the defendant entered into an agreement that the defendant would buy said debt and deed of trust from said Cook and forbear the foreclosure of said trust until the maturity of said debt, for the considera-tion of thirty dollars, or other valuable consideration, to be paid defendant by plaintiff in addition to the debt secured by said deed of trust; then the defendant cannot justify the taking of the property under said deed of trust, and you should find for the plaintiff the full value of the property taken from him by defendant. But if you further find that the defend-ant had a right under his said contract and deed of trust to foreclose the lien in said deed at the time of the taking, then the damages would be nominal and also the excess, if any, of the value of the property over the mortgage debt.

4. The jury are instructed that if they find from the evi-dence that the plaintiff was indebted to the defendant in an amount greater than the value of the property alleged to have been taken by him, and you further find at the time of the taking of the property the defendant had a lien, by deed of trust, thereon, subject then to be foreclosed; then, and in that event, the damage for the taking of the property would be only nominal.

The trial resulted in a verdict and judgment in favor of the plaintiff for $64.20 and he appealed.

*Coleman & Yancey*, for appellant.

The plaintiff being the owner and in peaceable possession

of the property, the unlawful taking by defendant and the wrongful conversion to his own use, constituted him a trespasser, and plaintiff was entitled to have his damages assessed at the full value of the property so unlawfully converted, at its highest market value before the commencement of suit, without any deduction for waste or destruction while in defendant's possession, or any expenses or outlay incurred. 16 Otto, 432; 36 Ark., 268,

It devolved on defendant to show that the terms of the deed of trust and the law had been strictly complied with. Mansf. Dig., secs. 4759, 4760-1. No one except the trustee had power to take possession and sell.

If the defendant was a trespasser, he could not offset any expenses against the damages. 44 Ark., 210.

The measure of the damages was not the value of the property *at the time* of the conversion; the damages should be *compensatory*. 1 Car. & P., 625; 2 Gaines Cases in Error, 200; Moaks Underhill Torts, pp. 76-7; 3 Cowen, 82; Sedgwick on Damages, 2d Ed., pp. 478-9.

Defendant being a trespasser was not entitled to even offset his mortgage debt. Cases supra. The verdict was inadequate, and plaintiff's instructions laid down the correct rule.

*Robert Neill*, for appellee.

Instructions 2, 3 and 8 asked by appellant are in contravention of the principles laid down in 36 Ark., 268, and Sedgwick on Dam., 6th Ed., p. 482.

It is conceded that appellee is a trespasser in taking the property *without Jones' consent*, but appellee had the right to foreclose his lien, on a violation of the stipulations contained in the trust deed, and was entitled to offset his mortgage

Jones v. Horn.

debt against the value of the property at the time of the conversion. Boone on Mortg., sec. 176 and notes 8, 9 and 10. The recovery is limited to the actual net amount of plaintiff's claim. 25 Md., 269; note b, p. 482 Sedgwick Dam., 6th Ed., and p. 392, vol. 2, 7th Ed. This is the rule even where the wrongful conversion occurs before default, where the mortgagee has a present right to possession. Ib. supra: 15 C. B. (N. S.), 330; Mansfield's Dig., sec. 4764; 16th Otto, U. S., 432.

COCKRILL, C. J.

It appears to have been conceded on the trial that the defendant was a wrongdoer and liable to the plaintiff for the conversion of the property in question. The controversy turned on the rule of damages. The rule is that wherever the defendant has a legal or equitable interest in or claim upon the specific property for the conversion of which he is sued, the recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongly assumed or retained. This fully indemnifies the plaintiff, and leaves the balance of value in the hands of him who is entitled to it, thus settling the whole controversy in one suit.

Where the defendant is a mortgagee who was entitled to the possession, with power to sell at the time of the seizure or conversion, and who has become a wrongdoer by reason of the manner of acquiring possession, or in the irregularity of the sale, he is liable to the mortgagor (in the absence of proof of special damages), only for the value of the property at the time of the conversion, less the amount of the mortgage debt. *McClure v. Hill*, 36 Ark., 268; *Street v. Sinclair*, 71 Ala., 110; *Chamberlin v. Shaw*, 18 Pick., 278; *Brinck v. Freoff*, 44 Mich., 69; *Brown v. Phillips*, 3 Bush.,

1. DAMAGES: Measure of: Conversion of chattel.

656; Sedgwick on Measure of Damages,* 482, note 2 and cases cited; Jones on Chat. Mortg., sec. 437.

The jury in this cause found, in effect, that the mortgagor's neglect of his crop had worked a forfeiture by the terms of the mortgage, and that the right to take and sell the property for the defendant's benefit existed at the time it was exercised. It was only for the improper method of exercising his rights that the defendant was mulcted in damages. It is obvious, therefore, that the value of the property at the time of the conversion, and not at some subsequent period, should govern.

**2. SAME: Conversion of tenant's crop: Recoupment.** The defendant was also the landlord of the plaintiff and had a lien on the crop, which he converted for rent. This specific lien was also the subject of recoupment in his favor, and it was not error to admit proof in regard to it. If the jury, in estimating the damages to be assessed against the defendant, gave him the benefit of the amount due him for rent, they did no more than they should have been instructed to do. If they allowed him nothing upon that account because they understood the court to instruct them not to do so, the error was favorable to appellant. The evidence of the value of the property was conflicting. In any view the verdict is within the evidence; the charge was favorable to the appellant and the judgment will not be disturbed. Affirm.