## COCKE *v*. CROSS.

Opinion delivered December 17, 1892.

*Damages—Conversion—Recoupment.*

> In a suit by a mortgagor to recover damages for the conversion of mortgaged chattels, it is error to refuse to permit defendant to show that he was assignee of the mortgaged debt and consequently entitled to recoup the amount of his debt.
>
> *Jones* v. *Horn*, 51 Ark. 19, followed.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

Cross, the appellee, brought an action of replevin against Cocke & Co., the appellants, to recover the value of two mules alleged to have been taken from him and converted by the appellants. They answered that the mules were conveyed by Cross to one Nelson in trust to secure a note made by Cross for $570, payable to Woodyard & Co., with power in the trustee to sell the mules on default of payment; that Woodyard & Co. had assigned and delivered the note to the appellants; that, default having been made in the payment of the note, Nelson sued for and recovered possession of the mules; that he then disposed of them for the purposes of the trust, and that the appellants became the purchasers

and credited the note by the price at which the purchase was effected. The cause was submitted for trial to the court sitting as a jury, and the following agreed statement of facts was read in evidence:

It was agreed by the parties to this suit for the purposes of this trial, as follows:

1. That M. B. Woodyard & Co. gave to defendants three promissory notes, one of which was paid, and the other two were renewed; that subsequently M. B. Woodyard & Co., to secure said notes, transferred to defendants, as collateral, sundry notes taken from their customers, among which was one note given to said Woodyard & Co. by said plaintiff for supplies furnished, payment of which was secured by deed of trust on the mules in controversy.

2. That defendants brought suit in this court against M. B. Woodyard & Co. to recover a judgment upon said two notes, which was the only indebtedness claimed to be owing from said Woodyard & Co. to said defendants, either at the time of transfer of said collateral notes, or at the date of the bringing of their said suit. Woodyard & Co. filed their bill to cancel said notes as usurious, and, upon the hearing, the court decreed in accordance with the prayer of the bill.

3. That the value of the said mules at the time they were taken from possession of said plaintiff was two hundred dollars, and they were taken by the trustee under proceedings in the common pleas court of this county and delivered to said defendants without a sale, under the provisions of said deed of trust, and without consent of this plaintiff; that at that date plaintiff was indebted to Woodyard & Co. in the sum of one hundred and thirty-five dollars for supplies so furnished under said deed of trust.

4. That said original notes so made to J. L. Cocke & Co. were payable at the office of said J. L. Cocke &

Co., Memphis, Tenn., and the notes given in renewal of the two notes not paid were payable at the office of John S. Hornor & Son, in Helena, Ark. ; that said original notes were at the hearing produced to the court by the attorneys for Woodyard & Co., and, upon the objection of the attorney of J. L. Cocke & Co. to their introduction at that time, they were withdrawn. That the plaintiff does not, by anything in this agreement, admit that it is competent for the defendants to impeach or modify the decree rendered in said cause of Woodyard & Co. v. Cocke & Co., or that any testimony is admissible for that purpose.

Thereupon the defendants offered to introduce James C. Tappan as a witness, who would have testified as follows :

"I was the attorney for Nelson, trustee, against Moses Cross, in the Phillips county court of common pleas ; the two mules taken in that suit are the same two mules sued for here ; they were taken in that suit and turned over to J. L. Cocke & Co., who were the owners of Cross' note, which had been assigned to them by M. B. Woodyard, on May 4, 1887, the same being for five hundred and seventy dollars, and was secured by deed of trust executed by Moses Cross, the plaintiff, on said two mules. They were turned over by trustee in said suit to J. L. Cocke & Co. on January 28, 1888, who credited Cross' note with one hundred and twenty-five dollars, the appraised value of said mules as of that date. Said suit progressed to judgment against said Cross, with the consent and approbation of Woodyard's attorney. Afterward Cross appeared in the court of common pleas and moved to set aside said judgment, which the court refused to do. When the decree was obtained in the suit of M. B. Woodyard & Co. against J. L. Cocke & Co. in this court, I was attorney for defendants, and, not being satisfied with the decree, I then intended to take an

appeal to the Supreme Court. There were some two or three hundred dollars tied up in court in said suit, and I, as attorney for defendants, held several claims which had been transferred to J. L. Cocke & Co. by Woodyard. Mr. J. P. Clarke, attorney for M. B. Woodyard, agreed if J. L. Cocke & Co. would not take an appeal from said decree, and turn over said claims on which suit had not been brought, that he would pay me one hundred dollars of the money in court, and that J. L. Cocke & Co. might retain the mules they had recovered from Cross, and have the benefit of said judgment against Cross. Upon consideration, as attorney for J. L. Cocke & Co., I agreed not to take an appeal from said decree. I would state that, but for this agreement made with Woodyard's attorney, J. L. Cocke & Co. would have taken an appeal in said case. The suit brought by Nelson, trustee, was instituted, and the mules were turned over to J. L. Cocke & Co. by trustee ten or twelve days before the injunction suit of M. B. Woodyard & Co. against J. L. Cocke & Co. was instituted. When I made the agreement, I was under the impression it was acceptable to all parties in interest.''

The court refused to admit the testimony of Tappan, and, no other evidence having been offered by either party, the court found for the plaintiff, Cross, in the sum of $228.35.

No conclusions of law or fact were stated by the court or requested by either party. A motion for a new trial was denied, and Cocke & Co. have appealed.

*J. P. Clarke* and *J. C. Tappan* for appellants.

1. The testimony of J. C. Tappan was admissible to show that appellants were entitled to the benefit of the judgment obtained by Nelson, trustee, against appellee.

2. The judgment was conclusive against appellee. 20 Ark. 85.

3.  Appellants were entitled to credit as an off-set the amount due on appellee's note secured by the deed of trust.   51 Ark. 25; 36 *id.* 268; Jones on Ch. Mortg. sec. 435.

*John J. & E. C. Hornor* for appellee.

1.  The testimony of J. C. Tappan was not admissible; but if it was, it would not have constituted a counter-claim against appellee.   48 Ark. 401; 32 *id.* 281; 3 Bush, 656.   Giving the testimony its strongest force, it could do no more than place appellants in the position occupied by Woodyard & Co., who would have been liable for the value of the mules converted, less the amount due on their mortgage.   36 Ark. 268; 51 *id.* 19.

2.  The judgment in the common pleas court is no estoppel.   The cause of action must be *identical.*   Black, Judg. secs. 725, 697.

MANSFIELD, J.   The decree cancelling the notes of Woodyard & Co., for the payment of which Cross' note was assigned to the appellants as collateral security, did not affect the power of Nelson to sell the mules in the manner required by the deed of trust.   If he had made such sale, it would have been a matter of no concern to Cross whether the amount due on his note was payable to Woodyard & Co. or to the appellants.   The proceeds of the sale would, in either event, have been received by Nelson, and his misapplication of the fund could not have deprived Cross of the right to have the mortgage satisfied.   If a surplus remained, he could have recovered that; but he would have had no cause of action against the purchaser.

But the manner in which the mules were appropriated to the satisfaction of the debt secured was unwarranted by the deed of trust, and the appellants do not stand in the attitude of purchasers under that instrument.   It was therefore pertinent to the issue tried be-

low to inquire whether, at the time the mules were delivered to them, the appellants were entitled to collect Cross' note. Their right to do so, by virtue of its original assignment to them, ceased as against Woodyard & Co., on the rendition of the decree the latter obtained against them; and the conversion of the property is admitted to have been wrongful as against Cross. But if, notwithstanding the decree referred to, the appellants were still the rightful holders of Cross' note, they were liable to him for only the difference between the amount due upon it and the larger sum agreed upon as the value of the mules. *Jones* v. *Horn*, 51 Ark. 19. For this reason the testimony of Tappan was of importance to the appellants, and it was error to exclude it. It would have shown, not only that the conversion of the mules took place before the institution of the suit in which the decree cancelling the original debt was rendered, but that, after the decree was obtained, Woodyard & Co., the payees of Cross' note, agreed with the appellants for a sufficient consideration to permit them to retain whatever benefit had accrued to them from the disposition made of the trust property. This placed the appellants, who still had possession of Cross' note, in the position Woodyard & Co. would have occupied if, without parting with their right under the deed, they had converted the property it conveyed. No special damage is claimed; and, on the case presented by the rejected evidence, the recovery of Cross, according to the established rule in such cases, should be limited to the value of the property converted less the sum of $135 shown to be due on his note. *Jones* v. *Horn*, 51 Ark. 19. If, within fifteen days from this date, he will enter a *remittitur* for that amount, the judgment as to the rest of the sum recovered will be affirmed; otherwise the judgment will be reversed, and the cause remanded for a new trial.