ANDERSON *v.* JOSEPH.

Opinion delivered July 11, 1910.

MORTGAGES—CONVERSION BY MORTGAGEE—LIABILITY.—Where a mortgagee of a chattel, authorized to sell at public sale, sold at private sale, he will be held liable as for conversion for the value of the property at the time of sale, less the amount of his mortgage debt.

Appeal from Lawrence Circuit Court, Eastern District; *Charles Coffin,* Judge; reversed.

*Smith & Blackford,* for appellant.

The law will not permit a man to take advantage of another who is in prison or war. 24 Ark. 224.

*J. N. Beakley* and *McCaleb & Reeder,* for appellee.

A mortgage of personal property passes the whole legal title to the mortgagee conditionally, and a sale thereof by the mortgagee is not conversion. 33 Ill. App. 297; 8 Johns. 96; 2 Den. 170; 35 Cal. 404; 27 Cal. 258; 2 Gray, 303; 3 Cush. 322. Plaintiff, being neither in possession nor entitled to possession, can not maintain trover. 10 Cal. 392; 138 Mass. 513; 38 Md. 242; 6 H. & J. 100; 47 Minn. 433; 64 S. W. 942; 65 Ark. 316. The measure of damages can not exceed the difference between the value of the property and the mortgage debt. 51 Ark. 25; 36 Ark. 268. But the mortgagor can not maintain a suit to recover the property until the debt is paid. 71 Ark. 484; 34 Ark. 346.

BATTLE, J. J. A. Anderson brought an action against A. W. Shirey, in his lifetime, to recover the difference in the value of two mules and the amount of an account that plaintiff owed the defendant.

On the 15th day of March, 1906, Sam Golden and plaintiff executed to the defendant a mortgage on two mules and two horses and certain crops of corn and cotton to secure the payment of a promissory note executed by Sam Golden and plaintiff to the defendant for $250, due October 15, 1906, and all other indebtedness they should contract with the defendant on or before the 15th day of October, 1906. In case of default in the payment of the note and other indebtedness, the mortgagors by the mortgage authorized the mortgagee to take possession of the property mortgaged, and sell and dispose of the same at public

sale of Minturn, in Lawrence County, Arkansas, for cash in hand, after giving certain notice of the sale, and out of the proceeds of the sale retain sufficient to pay mortgagor's indebtedness to him. The two mules were the property of plaintiff, and the horses were the property of Golden.

Anderson, the plaintiff, having been convicted of a felony, was imprisoned in the State penitentiary. While in this condition, his mules were delivered to the defendant. The defendant, Shirey, alleges that the mules and horses were delivered to him in payment of the indebtedness of Anderson and Golden to him. He sold the mules at private sale as his own property for $200. The evidence is conflicting as to their delivery. Plaintiff adduced evidence to prove that they were not delivered in payment of any debt; that they were worth about $250; and that he was indebted to the defendant only in the sum of $81.11. This action was brought to recover $168.89, the difference between these two amounts.

The court after saying: "This ought to have been an action for an accounting, and not one in trover for conversion of the property," instructed the jury as follows: "Gentlemen of the jury, the evidence in this case shows that these mules were turned over to Mr. Shirey under the mortgage lien, and he would have a legal right to the possession of the mules under that condition. By this form of action that they have brought here the lien would lie. You will find a verdict for the defendant, and one of you sign it as foreman." Which they did, and the court rendered judgment accordingly; and the plaintiff appealed.*

The manner in which Shirey could dispose of the property was prescribed by the mortgage, and he was confined to its provisions. In selling the property at a private sale he asserted a power which was not given by the mortgage, to the exclusion of appellant's right to redeem and to a public sale. Shirey had the legal title and the right to the possession of the property, but was not the absolute owner. Notwithstanding default, the plaintiff might have redeemed. By selling the mules as his own property and converting the proceeds to his own use, he

---

*Upon Shirey's death the cause was revived in the name of Joseph, his executor. (Rep.)

appropriated more than he was entitled to, and was guilty of conversion. *Howery* v. *Hoover,* 97 Iowa 581 ; *Colby* v. *Kimball Co.,* 99 Iowa 321, 324; *Jones* v. *Horn,* 51 Ark. 19, 25 ; 2 Cooley on Torts (3 ed.), 866.

In *Jones* v. *Horn,* 51 Ark. 19, 25, it is said : "Where the defendant is a mortgagee, who was entitled to the possession, with power to sell at the time of the seizure or conversion, and who has become a wrongdoer by reason of the manner of acquiring possession, or in the irregularity of the sale, he is liable to the mortgagor (in the absence of proof of special damages) only for the value of the property at the time of the conversion, less the amount of mortgage debt. *McClure* v. *Hill,* 36 Ark. 268."

Reverse and remand for a new trial.