HUDSON v. BURTON.

Opinion delivered May 14, 1923.

LANDLORD AND TENANT—LIABILITY OF LANDLORD FOR CONVERSION OF TENANT'S CROP.—Where a landlord, having a lien on his tenant's crop and a right to enforce same by attachment, wrongfully seized and sold the crop, he is liable only for the value of the crop at the time of conversion, and not at some subsequent period.

Appeal from Poinsett Circuit Court; *W. W. Bandy*, Judge; affirmed.

*Geo. G. Dent,* for appellant.

The evidence is undisputed that appellee converted the cotton to his own use, and the court erred in directing a verdict against appellant. It is insisted that appellant was entitled to the highest value of the cotton between the date of its conversion and the filing of suit. Damages not limited to value at time of conversion. 14 Ark. 505; 25 Ark. 380. Plaintiff only sued for value at time of conversion in these cases. 27 Ark. 365; 31 Ark. 286. Cases supporting highest value. 65 Ark. 448; 69 Ark. 302; 87 Ark. 81; 94 Ark. 511; 109 Ark. 223; 117 Ark. 127; 122 Ark. 341; 139 Ark. 53; 38 Cyc. of Law and Procedure, "Trover & Conversion," 2096.

*J. G. Waskom,* for appellee.

Appellant was only entitled to recover the value of the cotton at the time of its conversion and legal interest on the amount thereof. The first Arkansas cases cited by appellant support this position, and the other cases and authorities cited from and after *Eaton* v. *Langley,* 65 Ark. 448, have no application to the case made here. Appellant had an interest in or lien on the cotton, and case is ruled by 51 Ark. 19. See also 57 Ark. 92; 63 Ark. 279; 65 Ark. 319; 66 Ark. 562; 95 Ark. 575; 110 Ark. 58; 123 Ark. 49; 38 Cyc. 2104; L. R. A. 1915-E, 200, note; 26 R. C. L. 1152; 131 Ark. 34; 94 N. W. 750, 103 A. S. R. 444; 26 R. C. L. 1140.

WOOD, J. During the years 1920 and 1921 W. A. Hudson rented certain lands from E. P. Burton. Hudson was to pay Burton half of the cotton raised on the place as rent. Burton furnished Hudson supplies to make the crop, amounting to the sum of $498.50. Hudson delivered to Burton half the cotton that was grown on the place. Hudson's half of the cotton consisted of seven bales, which he left at the gin, taking the ginner's receipt therefor. He was not satisfied with the price offered for the cotton at the time same was ginned, and informed Burton that he had left the cotton there for a better price, and had the same insured. Burton

objected to this, and wanted Hudson to ship the cotton so as to dispose of it. Some time after Hudson stored the cotton Burton took charge of it, and shipped it, without asking anything about it. Burton offered Hudson at one time twenty cents per pound, but Hudson refused to take it. Two or three days before Burton shipped the cotton Hudson was notified that the insurance had expired, and that the gin company would remain responsible no longer, and Hudson made no effort to reinsure it. Notice was served on Burton that the insurance and storage had run out. Burton then shipped the cotton to Memphis. Hudson had moved off of Burton's place and did not settle his account with Burton, and Burton concluded that he would ship the cotton and take his loss rather than pay more insurance and storage.

About the first of April, 1921, Burton sold the cotton and obtained $457.33 for same, which sum represented the market price of cotton of that grade. He credited Hudson's account with the amount. The price of 1920 cotton in October, 1921, was sixteen cents per pound. It was worth about five or six cents less per pound than new cotton of the same kind and grade. The highest price reached for cotton of the kind and grade raised by Hudson between April 1 and November 17, 1921, was twenty-one cents per pound.

This action was instituted by Hudson against Burton for the alleged conversion of his cotton. He laid his damages in the sum of of $987.50. Burton answered the complaint, and denied that he was indebted to Hudson in any sum whatever. He alleged that Hudson was indebted to him in the sum of $32.17, same being the balance of his account due after deducting the proceeds of his cotton, which Burton had sold, and for which he prayed judgment against Hudson.

The above are substantially the facts upon which Hudson prayed the court to instruct the jury that he was entitled to recover the highest market value of the cotton between the date of the sale of the cotton by

Burton and the filing of this suit, less the sum of $489.33. The court refused to grant Hudson's prayer for instruction, but directed the jury to return a verdict for Burton. The jury returned a verdict as directed. Judgment was entered in favor of Burton, from which is this appeal.

The only question presented by this appeal is whether or not, under the undisputed facts, the appellant's measure of damages was the highest market value of the cotton between the time of conversion thereof and the time of filing the suit. To sustain his contention that his prayer for instruction, which the court refused, contains the correct rule for the measure of damages in this case, appellant relies, by analogy, upon the rule announced by this court, in certain cases, as to the measure of damages to the owner of timber lands whose timber had been converted either by wilful or innocent trespassers. The doctrine of these cases is that, where timber has been cut by a wilful trespasser, the measure of damages, where delivery cannot be had, is the full value of the property at the time of the trial in its converted form,. without deduction for the labor and expense in the enhancement of its value; but if the trespasser be innocent, then the measure of damages is the value of the timber at the time of the trial in its converted form, less the labor expended on it, provided such expense does not exceed the increase in value. See *Eaton* v. *Langley*, 65 Ark. 448; *Central Coal & Coke Co.* v. *Shoe Co.*, 69 Ark. 302; *U. S.* v. *Flint Lumber Co.*, 87 Ark. 81; *Randleman* v. *Taylor*, 94 Ark. 511; *Griffith* v. *Tie Co.*, 109 Ark. 223; *Bradley Lbr. Co.* v. *Hamilton*, 117 Ark. 127; *Foreman* v. *Holloway*, 127 Ark. 321; *Brown* v. *Daub*, 139 Ark. 53. But the doctrine of the above cases has no application whatever to the facts of this record.

Here the appellee had a lien on appellant's crop for supplies furnished him to make and gather the same. Appellee's account against appellant for supplies was past due.. Appellant had moved away from the place,

and had not paid his account. Appellee, under the law, was entitled to the possession of the property in order that he might subject the same to the payment of his claim against the appellant for supplies. Sec. 6890, C. & M. Digest. Appellee could have proceeded by attachment, but, instead, he took possession of the property without resorting to the law. His conduct in so doing was illegal, and he was a wrongdoer and guilty of a conversion of appellant's cotton.

This states the case as strongly in favor of the appellant as the facts warrant, because the appellee only became a trespasser in that he did not take possession of the cotton in the manner prescribed by statute, *supra.* The rule for damages in such cases is announced by Chief Justice COCKRILL, speaking for this court, in *Jones v. Horn,* 51 Ark. 19-25, as follows: "The rule is that wherever the defendant has a legal or equitable interest in or claim upon the specific property for the conversion of which he is sued, the recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained. This fully indemnifies the plaintiff, and leaves the balance of value in the hands of him who is entitled to it, thus settling the whole controversy in one suit. Where the defendant is a mortgagee who was entitled to the possession, with power to sell at the time of the seizure or conversion, and who has become a wrongdoer by reason of the manner of acquiring possession, or in the irregularity of the sale, he is liable to the mortgagor (in the absence of proof of special damages) only for the value of the property at the time of the conversion, less the amount of the mortgage debt.  *  *  * It was only for the improper method of exercising his rights that the defendant was mulcted in damages. It is obvious therefore that the value of the property at the time of the conversion, and not at some subsequent period, should govern." The same rule for the same reason applies in the case at bar. See also *Cocke* v. *Cross,* 57 Ark. 92.

No special damages accrued to the appellant growing out of the method adopted by the appellee of taking possession of the cotton. The appellant admitted that the appellee sold the cotton for less than the appellant's indebtedness to the appellee. Therefore, under the rule above announced in *Jones* v. *Horn,* the appellant was not prejudiced by the ruling of the court in directing the verdict in favor of the appellee.

The judgment is correct, and it is therefore affirmed.