WELLS v. DERRICK.

5-850 287 S. W. 2d 4

Opinion delivered February 20, 1956.

994

*Dinning & Dinning,* for appellant.

*A. M. Coats,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellees, T. W. Derrick and Tunney Stinnett, leased from appellant, Arthur L. Wells, and operated for the years 1952 and 1953, two farms in Phillips County. Wells furnished appellees money with which to purchase equipment to operate these farms and with which to pay the costs of cultivating and harvesting the cotton crops grown thereon during these two years. According to Wells, and it appears to be conceded, there was a carry over indebtedness to him from appellees for the 1952 operations, and in February 1953 appellees executed their note, in the amount of $40,000 due December 15, 1953, to appellant which covered the above carry over from the 1952 crops and afforded a backlog of credit for funds to be furnished by Wells to appellees in producing the 1953 crop. To secure this note appellees executed a chattel mortgage covering not only all crops produced but also a large amount of valuable farm machinery such as tractors, cultivators, mowing and dusting machines, disks, plows and many large trucks and trailers. The facts disclose that during 1953, and before the above note became due, Wells, without the consent of appellees, went upon these farms, gathered up and took possession of the pledged chattels described in the mortgage and in effect converted them to his own use. This was done without complying with the terms of the mortgage, which required that the chattels be sold at public sale after notice upon default in payment of the secured debt. There was also no appraisement made of the property.

The present suit was filed by appellant to recover judgment for an alleged balance due him following the harvesting of the 1953 crops and after the proceeds from these crops had been applied on the above note. Appellant further prayed that the chattel mortgage lien above, which was given to secure the note, be foreclosed. On a trial the court found that the unpaid balance of the indebtedness of appellees to appellant as of March 22, 1954, was $29,294.09 but that Wells by his actions, in taking the chattels in disregard of the terms of the chattel mortgage and converting them to his own use, thereby elected to and did extinguish the balance due on the debt of appellees. The decree in part recited: "7. That the said Arthur L. Wells in going upon the premises of the defendant on the 14th of December, 1953, and taking possession of the chattels aforesaid, and converting the same to his own use and benefit and using the same in and about his business in the manner that he did and not having the same appraised in the manner provided by law, effected the extinguishment of any amount of the debt owing the plaintiff by the defendants after crediting the amounts received by the plaintiff from the sale of certain equipment and the crops, for the year 1953. That the plaintiff, Arthur L. Wells, having elected to take said property in extinguishment of the balance of the debt after crediting certain equipment and the sale of the crops for 1953 he is entitled to have title to said equipment vested in him.

"It is therefore ordered, adjudged and decreed by the court that title to the chattels described herein be and the same is hereby vested in Arthur L. Wells in complete satisfaction of any debt which the defendants may owe the said Arthur L. Wells growing out of the 1953 farm operation as set out herein."

This appeal followed. For reversal appellant says: ". . . appellant is prosecuting this appeal from that part of the decree which adjudges that the vesting of the title of the property described in the deed of trust be a complete satisfaction of any debt which the appellees may owe him." In other words, appellant contends that

the trial court erred in holding that appellant, by his actions, was required to accept the equipment and chattels so recovered in full satisfaction of the indebtedness of appellees to him. We agree with appellant that the court erred in so holding. It appears to be undisputed, as the court found, that the balance of appellees' indebtedness as of March 22, 1954, was $29,294.09. While it appears that appellant wrongfully converted the property in question and should have sold the property publicly under the power of sale provided in the chattel mortgage, however, we have many times held that the proper procedure, in circumstances such as are here presented, is to ascertain and charge appellant with the fair market value of the property at the time of its conversion by him and apply it on the debt and after this is done if there be any balance due appellant, he should have judgment for such amount. On the other hand, if the fair market value of the property was more than sufficient to extinguish the debt, then in this event appellees should be awarded this amount. Interest should be charged against appellant on the fair market value of the property from and after the date of its conversion. We held in *Perryman* v. *Abston, Wynne & Co.*, 164 Ark. 290, 261 S. W. 622: ''[Headnote 3.] Mortgages—Conversion of Property by Mortgagee.—Where mortgagees took possession of mortgaged chattels, but failed to sell them under the power of sale in the mortgage, they are chargeable with their market value at the time of their conversion.'' We said in *Anderson* v. *Joseph,* 95 Ark. 573, 130 S. W. 165: ''Where the defendant is a mortgagee, who was entitled to the possession, with power to sell at the time of the seizure or conversion, and who has become a wrongdoer by reason of the manner of acquiring possession, or in the irregularity of the sale, he is liable to the mortgagor (in the absence of proof of special damages) only for the value of the property at the time of the conversion, less the amount of mortgage debt. *McClure* v. *Hill, 36* Ark. 268.''

Accordingly, the decree is reversed for further proceedings consistent with this opinion.