DONIPHAN LUMBER COMPANY *v*. CASE.

Opinion delivered July 13, 1908.

ADVERSE POSSESSION—SUFFICIENCY—NATURAL BARRIERS.—Where a claimant, in inclosing his land, avails himself of natural barriers, such as a bluff upon a river, his possession will be sufficient to ripen into a title by adverse possession.

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

Action instituted by Ella A. Case against Doniphan Lumber Company, to recover damages for cutting and removing growing timber from plaintiff's land. The complaint alleges willful trespass by defendant, and claims treble damages under the statute. Defendant in its answer denied that the trespass had been wilfully committed, and denied plaintiff's alleged title to or possession of the lands in question.

The plaintiff recovered judgment for $162.86, and defendant appealed.

*Mitchell & Thompson,* for appellant.

1. The verdict is clearly excessive under the proof as to the value of the timber. In no event would appellee be entitled to treble damages, the .proof showing that the timber was cut through mistake.

2. Appellee is entitled to no damages at all under the proof. The gist of the. action is damage to the possession. 44 Ark. 77. To maintain it, the plaintiff must show actual or constructive possession of the land and have legal title thereto. 26 Ark. 505; 65 Ark. 600. Appellee testified that she had not been in actual possession for four years. The only possession shown at all was the construction of two strings of fencing from the farm once occupied by her to the river bluff, and fixing low places in the bluff so as to turn stock, but it is not shown how long this enclosure was kept in fact. 75 Ark. 422. No constructive possession is shown.

*George W. Reed,* for appellee.

1. Appellee, having purchased the land in 1891, moved on it, fenced it and resided on it for twelve years, acquired perfect title thereto. Whether she has been in actual possession since 1891, or only in constructive possession during the past four years, is immaterial; she has title and possession on which to base an action for trespass. It was not necessary for plaintiff to deraign title. 76 Ark. 426. See also 44 Ark. 74; 65 Ark. 448. In fencing the land appellee had the right to make use of natural barriers. 76 Ark. 529.

2. The jury allowed only single damages, and, under the proof as to value of the timber cut, their verdict is not excessive.

McCULLOCH, J. The court refused to give instruction requested by appellant, and submitted the case to the jury upon the following instruction :

"The court instructs the jury to find for the plaintiff and to assess her damages at three times the value of the timber in the tree cut by the defendant herein, unless you further find that at the time the timber was cut the defendants or their agents had

probable cause to believe and did believe at the time that the timber belonged to the defendant, in which event you will assess the damage at the value of the timber cut by the defendants."

Appellee introduced in evidence a deed in proper form executed to her in the year 1891 by one Moore purporting to convey the land from which the timber was cut, and she testified that she at once took possession of the land so conveyed and fenced it, and that her actual occupancy continued up to about four years before the trial of the case. She testified that she inclosed the land with other lands owned by her by running fences from the main farm on which she resided to Little Red River and by fixing the low places on the bluff of the river so as to prevent the passage of stock. This testimony was not contradicted, and stands undisputed in the record. Another witness introduced by appellant testified that the fences were so constructed, but the witness did not know that the low places in the river bluff were fixed so as to turn stock. He said that that might be true, but he did not know. According to this undisputed testimony, appellee was in actual adverse possession of the land for about twelve years, and that amounted to complete investiture of title under the statute of limitations. The high bluff of the river, repaired in low places, constituted a natural barrier, completing, in connection with the fences, the inclosure, and was sufficient evidence of adverse possession so as to ripen the title by limitation. *Dowdle* v. *Wheeler,* 76 Ark. 529.

The court was therefore correct in treating appellee's title to the land as beyond dispute and in submitting to the jury the sole question as to the amount of damages. It was also undisputed that appellant cut and removed a certain quantity of timber from the lands. The witnesses estimated the value of the timber variously from $2 to $7 per thousand feet. The amount of the verdict of the jury shows that they either fixed the value at $2 per thousand and allowed treble damages for willful trespass, or at $6 and allowed single damages. The evidence was sufficient to justify either conclusion.

Affirmed.