## NEWHOUSE MILL & LUMBER COMPANY v. AVERY.

### Opinion delivered November 13, 1911.

1. TRESPASS—CUTTING TIMBER—DAMAGES.—In an action for wrongfully cutting timber from another's land where no injury to the land was claimed the measure of damages is the market value of the timber so cut and removed "at the time and place when and where it was cut," and not the difference in the value of the land below and after the timber was cut. (Page 37.)

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.—Where, in an action for trespass upon land, the only damages claimed by the plaintiff was the taking of timber, no special injury to the land being claimed, it was not prejudicial error to charge that the measure of damages was the value of the timber taken, instead of charging that the measure of damages is the value of the land before and after the timber was cut. (Page 37.)

3. SAME—HARMLESS ERROR—INSTRUCTIONS.—Defendant can not complain because the court limited plaintiff to less damages than he might have been entitled to under an instruction requested by defendant. (Page 37.)

Appeal from Lincoln Circuit Court; *Antonio B. Grace,* Judge; affirmed.

J. B. Avery brought suit against the Newhouse Mill & Lumber Company for timber, alleging that said company wilfully, unlawfully and wrongfully cut 85,000 feet of timber from his land, of the value of $885, and asks treble damages for the cutting of same. ·

The company denied that the timber was wilfully, unlawfully or wrongfully cut, and that it was worth the amount alleged. It was admitted that the company cut timber from the lands of Avery, and the issue submitted to the jury was the amount and value of the timber cut. The plaintiff testified that the timber was worth $10 per thousand feet, and that he had been offered $5 per tree for the best trees upon his land; that the trees cut by the Mill Company were good timber, and included the largest and best upon the land. Another witness testified that he had offered Avery $4.50 per thousand feet for his timber, but that the offer was not accepted. Several other witnesses testified placing the value at from $2 to $3.25 per thousand feet.

The court instructed the jury as follows:

"It is admitted in this case by the defendant, Newhouse Mill & Lumber Company, that through its agent it did enter upon certain lands belonging to plaintiff, Avery, and did cut and remove therefrom certain trees. If you find from a preponderance of the evidence that the entry upon the land of plaintiff, Avery, by the servants of the company was wilfully and knowingly done, they knowing that it was the land of another, then you will find for the plaintiff and assess his damage at three times the actual market value of the timber so taken away. If you find that the entry upon the land and the taking of the timber was done through mistake, and was not wilfully and knowingly done, and not done with the knowledge of the fact that it was being taken from the lands of another, then you will find for the plaintiff, and assess his damages at simply the value of the timber so cut and removed, the market value of it at the time and place when and where it was cut; that is, on the land at the stump in the year

1909. The burden is on the plaintiff to establish by a preponderance of the evidence the quantity of timber taken and the value of it. And also, in order to recover more than single damages, the burden will be on him to show the taking was wilful, knowing and unlawful."

The court refused to give appellant's requested instruction numbered two, as follows:

"2. The jury is instructed that the measure of damages in this case is the difference in the value of the land before and after the timber was cut."

The jury returned a verdict for the plaintiff, and assessed his damages at $5 per thousand feet for 85,000 feet with six per cent. interest for one year, amounting to $450.50, and from the judgment defendant appealed.

*C. P. Harnwell*, for appellant.

1. There is no evidence that the price of $5 per thousand, found by the jury was the fair, reasonable market value of the timber cut.

2. The court erred in its charge to the jury as to the measure of damages. The true measure of damages would be the difference in the value of the land before and after the timber was cut therefrom. 67 Ark. 371,374.

*Taylor & Jones*, for appellee.

1. The evidence supports the verdict, whether the jury intended to allow single damages or treble damages; and if the jury accepted the valuation of $2 per thousand testified to by appellant's witnesses, and chose to allow two-fold instead of three-fold damages, appellant ought not to be heard to complain. 87 Ark. 168; 55 Ark. 440; Kirby's Digest, § 7976.

2. The court properly refused appellant's requested instruction No. 2, and correctly instructed the jury as to the measure of damages. 131 S. W. (Ark.) 211.

KIRBY, J., (after stating the facts). It is insisted, first, that there is no evidence sufficient to sustain the verdict as to the value of the timber. From the testimony already recited, it will be seen that the value of the timber cut was variously estimated at from $2 to $10 per thousand feet, and the jury fixed it at $5 per thousand. The suit was brought for treble damages, and submitted to the jury upon the theory

that the timber was cut from the lands of the plaintiff wrongfully by the defendant, without it having any probable cause to believe the timber belonged to it, and the jury could have found single or treble damages, and were not bound to take the estimate of any witness as to the market value of the timber cut. The damages were fixed at $5 per thousand feet for the amount of the timber found to have been cut, and the testimony was sufficient to sustain the verdict, even if the jury intended only to allow single damages, and certainly it was amply sustained if their intention was to allow treble damages. *Doniphan Lumber Co.* v. *Case,* 87 Ark. 168.

It is next contended that the court erred in refusing to give appellant's requested instruction numbered two. No damage was claimed in this case for injury to the land, but only for the value of the timber alleged to have been wrongfully cut and taken by the defendant under the statute relating to trespassing upon lands, and the court correctly instructed the jury that, in the event they found for plaintiff, they would assess his damages at the market value of the timber cut and removed at the time and place when and where it was cut or three times the actual market value of the timber so cut and taken away, etc., according as the trespass was wilfully and knowingly committed or otherwise.

If said requested instruction was correct in this case, no prejudice resulted from the court's refusal to give it, since the principal element of damage to the land was the timber unlawfully taken from it, which had in fact a market value, and necessarily its market value would have been the damage to the land, none other being asked by plaintiff; and in any event appellant can not complain that the court limited the plaintiff to ˉess damage than he might have been entitled to under the instruction requested by it.

Finding no error in the record, the judgment is affirmed.