BRADLEY LUMBER COMPANY *v.* HAMILTON.

Opinion delivered February 15, 1915.

1.   TIMBER—STANDING TIMBER—CONVERSION—DAMAGES.—The measure of damages for the conversion of standing timber is the value of the timber, at the time and place of the conversion, if the cutting was done in good faith, but, if the cutting was done in bad faith, the enhanced value of the timber may be recovered.

2.   TIMBER—CONVERSION—DAMAGES—PROOF.—In an action for damages for the conversion of standing timber, evidence is admissible tending to show the value of the timber, at the nearest shipping point, and the cost of cutting the same and transporting it there, being competent to show the value of the timber at the time and place where it was converted by the defendant.

3.   TIMBER—CONVERSION—DAMAGES—INTEREST.—In an action for damages for conversion of standing timber, where the damages are capable of ascertainment, by reference to reasonably certain market values and the various items of damage have been duly and adequately presented, and payment demanded before suit is commenced, the claimant is entitled to interest, from the time of such demand.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

STATEMENT BY THE COURT.

The Bradley Lumber Company bought certain lands situated in Bradley County, Arkansas, from C. C. Colvin in 1905, and in 1909 cut and removed the timber on said land. Colvin obtained a deed from the State of Arkansas and sold 120 acres of it to the Bradley Lumber Company and resided upon the remaining forty acres.

In 1912 Mrs. A. A. Hamilton and others instituted a suit in the chancery court for the recovery of this land and sought to cancel the deed from the State to Colvin and from Colvin to the Bradley Lumber Company as a cloud upon their title.

The chancery court decreed a three-fourths undivided interest to Mrs. Hamilton and the other plaintiffs and a one-fourth undivided interest to the Bradley Lumber Company. The case was appealed to the Supreme Court and affirmed. See *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 1.

In a subsequent opinion in the same case reported in the same volume at page 598 a motion was made to modify the decree and was overruled. 109 Ark. 598.

A master had been appointed and directed to determine the amount to be awarded as damages and the appeal upon that part of the decree cancelling the title of the Bradley Lumber Company and adjudging the title to be in the plaintiffs, Mrs. Hamilton, and others was prosecuted without waiting for the report of the master to come in. The court held that the adjudication of the value of the timber was a separate issue which the affirmance of the original decree did not affect. The master made a report upon the evidence taken before him and found a state of facts substantially as follows:

The timber was cut from the land within less than three years before the institution of the action. The defendant, Bradley Lumber Company, cut and removed the timber from the land while it had color of title and under the mistaken belief that it was the true owner, and 1,129,-

620 feet of pine timber were cut from it and and also a small quantity of oak timber. The master found that the pine timber in the trees was worth $2 per thousand and that the market value of the timber was $3.20 per thousand and fixed the value of the pine timber cut from the land at the latter sum. He found that this amounted to $3,615.42; and also found that there were three hundred oak ties made from the timber on the land and that their value was thirty-two cents per tie, amounting to $96. To the report of the master both the defendant and the plaintiffs filed their exceptions in due form. The court overruled the exceptions of both plaintiffs and defendant to the master's report except as to the three hundred oak ties. These were found to be of the value of $30 instead of $96 as reported by the master.

The court found that the plaintiffs owned a three-fourths interest and the defendant a one-fourth interest and it was ordered and decreed that the plaintiffs recover the sum of $2,734.07 with interest thereon at six per cent per annum from November 1, 1909, to the date of the judgment, and that the judgment bear interest at the rate of 6 per cent per annum. The defendant, Bradley Lumber Company, has appealed. Other facts will be stated in the opinion.

*D. A. Bradham,* for appellant.

1. The value of the timber cut at the time and place of cutting is the measure of damages where defendant did not act wilfully. 38 Cyc. 1130 (B); 87 Ark. 83; 186 U. S. 279; 106 *Id.* 432; 192 *Id.* 524; 65 Ark. 449; 117. Pac. 720; Ann. Cas. 1912, A. 919. Appellant thought and believed it was the true owner of the land. 153 Mo. App. 442; 134 S. W. 586.

2. There is error in the allowance of interest. Interest is not allowed on an unliquidated amount. 32 Ark. 573; 21 *Id.* 355; 50 *Id.* 177; 39 *Id.* 387; 76 *Id.* 388.

*J. R. Wilson* and *Williamson & Williamson,* for appellees.

1. The value of the timber at the most favorable market available to the real owner, less the cost of get-

,ting the timber to that market, is the amount to which appellees are entitled. 38 Cyc. 1130 (B); 87 Ark. 83; 65 Id. 449; 22 Mich. 311; 37 Id. 322; Schouler on Per. Prop (2 ed.) 37; 91 N. W. 737; 106 U. S. 432; 105 N. W. 1073.

2. Interest was properly allowed at 6 per cent. 76 Ark. 388; Kirby's Dig., § § 1285, 5387; 85 Ark. 137.

HART, J., (after stating the facts). In *St. Louis, I. M. & S. Ry. Co.* v. *Ayres*, 67 Ark. 371, an action for the recovery of damages for the negligent burning of young oak trees, the damages were held to be the difference in the value of the land before and after the fire which destroyed the trees. In that case the trees were young and were not ready for the market. Therefore, the destruction of the trees was a depreciation of the value of the land of which they were a part.

In the present case the timber was ready for the market and no damages were sought for any depreciation in the value of the land. It will also be noted that the court found that the defendant, Bradley Lumber Company, cut timber from the land while it had color of title and under the mistaken belief that it was the true owner thereof. We do not deem it necessary to fully abstract the testimony on that point for it supports the finding of the court.

(1) The effect of our decisions in the cases of *Eaton* v. *Langley*, 65 Ark. 448, and the *Central Coal & Coke Co.* v. *John Henry Shoe Co.*, 69 Ark. 302, is that the measure of damages for the conversion of standing timber is the value of the timber at the time and place of the conversion if the cutting was done in good faith, but if the cutting was done in bad faith the enhanced value of the timber might be recovered.

To the same effect see *United States* v. *Flint Lumber Co.*, 87 Ark. 80.

(2) In the case before us testimony was introduced tending to show the value of the timber at the nearest shipping point and the cost of cutting the same and transporting it there. This testimony was competent to show

the value of the timber at the time and place where it was converted by the defendant. We do not think it necessary to abstract the testimony or to comment upon it in detail. We deem it sufficient to say that the testimony abundantly supports the finding of the master and of the chancellor that the market value of the timber at the time and place it was converted by the defendant was $3.20 per thousand.

It can be readily seen that timber at one place on account of its accessibility to the market might be worth much more than if it were situated at a more remote place where it would be more difficult to employ hands to cut it and would cost more to convey it to the market.

The court made a deduction in the value of the oak timber as found by the master but the defendant is not in a position to complain of that because, if an error, it was in defendant's favor.

(3) The timber was cut by the defendant in the year 1909 and before November of that year and there was no error in charging interest from November 1 of that year. See *Nunn* v. *Lynch,* 89 Ark. 41.

In *Nunn* v. *Lynch, supra,* the court cited with approval the discussion in the case of *Laycock* v. *Parker,* 103 Wis. 161. In that case the court held that where damages were capable of ascertainment by reference to reasonably certain market values and the various items of damage have been duly and adequately presented, and its payment demanded before suit is commenced, the claimant is entitled to interest from the time of such demand.

The claim of the plaintiffs in this case was capable of ascertainment by the defendant after its presentation by reference to the reasonably certain market value of the timber cut and removed by the defendant. Therefore, the plaintiff was entitled to interest, and no error prejudicial to the defendant was committed in the allowance made by the court.

It follows that the decree must be affirmed.