## BUNCH v. PITTMAN.

### Opinion delivered March 13, 1916.

1. TIMBER DEED—FAILURE TO RECORD—SALE OF LAND.—An unrecorded timber deed, although executed before a second sale of the land by the grantor, is not good as against an innocent purchaser of the land, for value and without notice.

2. TIMBER DEED—OCCUPANCY OF LAND—NOTICE.—A. sold the timber to B. on certain land, but B. did not record the deed. A. then sold the land to C., who had no actual knowledge of the sale of the timber. *Held*, although B. at once after his purchase put a man to work on the land, that under the evidence, C. would not be charged with constructive notice of B.'s claim.

3. DAMAGES—CUTTING TIMBER—GOOD FAITH.—B. cut timber, in good faith under a deed from A., but in the meantime A. had deeded the land to C. without mention of the deed to B., which B. had failed to record. *Held*, the measure of C.'s claim for damages against B. was the stumpage value of the timber cut, and not the enhanced value in the manufactured state.

Appeal from Monroe Circuit Court; *Thos. C. Trimble*, Judge; reversed.

*G. O. Bogle* and *Manning, Emerson & Morris*, for appellant.

1. The sale of the timber by Morgan's agent was valid. 92 Ark. 213; 90 *Id*. 301; 83 *Id*. 202.

2. Defendant was in actual possession of the land when plaintiff purchased and this was notice of his rights; she was not an innocent purchaser. 76 Ark. 27; 82 *Id*. 455; 101 *Id*. 163-9; 95 *Id*. 512-19. It was error to direct a verdict, as the evidence was sufficient to raise an issue for the jury.

3. The court erred in directing the jury to find for the value of the timber after it was manufactured; only stumpage value should have been allowed as defendant acted in good faith and was not a mere trespasser. 93 Ark. 353, 360; 94 *Id.* 511; 44 Ark. Law Rep. 129.

*C. F. Greenlee,* for appellee.

1. There is no issue of fact to be determined in this case and the law is settled. Edmonds had no power of attorney from Morgan to convey timber. Kirby's Digest, § § 753, 763. Bunch had constructive notice that appellee was the owner of the land after March 4, 1913, when her deed was recorded. 86 Ark. 202; 71 *Id.* 31; 38 *Id.* 181, 190; *Ib.* 278; 70 *Id.* 256, 269.

2. The possession by appellant was not of such character as to give notice. Appellee was an innocent purchaser. The cases cited by appellant do not apply.

3. Plaintiff was entitled to recover the value of the timber in its manufactured state. 69 Ark. 424; 109 *Id.* 223. Bunch was a trespasser and did not haul a stick of timber from the land for more than three months after appellee's deed was recorded.

McCulloch, C. J. J. M. Morgan owned a tract of timber land consisting of 205.74 acres, situated in Monroe County, Arkansas, a few miles from Brinkley, and on March 1, 1913, he sold and conveyed the merchantable timber on the land to the defendant, T. W. Bunch, and on March 4, 1913, he sold and conveyed the land to the plaintiff, Mrs. Pittman. The sale of the timber to defendant was made through Edmonds, who was acting for Morgan, either as agent or broker. Morgan and Mrs. Pittman both lived in Oklahoma, where the sale of land to Mrs. Pittman was negotiated, and when she purchased the lands she had no knowledge of the sale of the timber to defendant and did not receive any information that the timber had been sold until her husband went to Monroe County in December, 1913, and ascertained that the defendant was cutting the timber on the land and claimed to be the owner.

Defendant commenced cutting the timber soon after his purchase and continued to do so after he was notified, according to the testimony of the plaintiff, that Morgan had sold the land to plaintiff and that she was the owner of the timber as well as the land. Plaintiff instituted three actions against the defendant—two for the recovery of the value of the timber cut from the land, and the other a replevin suit for ties made from timber cut on the land. The three cases were consolidated and tried before a jury, and after the testimony was introduced the court gave to the jury a peremptory instruction to find for the plaintiff in each of the cases, and in the amount which the undisputed testimony showed was the enhanced value of the timber in its manufactured state. The defendant asked for instructions submitting the issue to the jury whether the plaintiff or the defendant had title to the timber, and also as to the measure of damages in case there should be a verdict on that issue in favor of the plaintiff.

(1) The conveyance of the timber to the defendant was prior in point of time to the conveyance executed by Morgan to the plaintiff, but it was never recorded and was therefore not good as against an innocent purchaser for value without notice. *Cooksey* v. *Hartzell,* 120 Ark. 313, 179 S. W. 506. The proof is undisputed that plaintiff, Mrs. Pittman, paid a valuable consideration and that she had no actual notice of the sale of the timber to defendant. She never received any notice until December, 1913, when, as before stated, her husband went to Monroe County to look after the land. The only effort made by defendant to show constructive notice to the plaintiff was to prove that he entered upon the land and commenced cutting timber as soon as he made the purchase. Defendant testified that he took a man out to the land on March 2d, the day after he purchased the timber, and started the man cutting on the land and preparing roads over which to haul the timber, and that the man continued to work there until some time

in June, when he sent a force of men there on the land to work.

(2)   It is claimed that the fact that one man entered upon the land for the purpose of cutting timber was sufficient to put strangers upon notice of occupancy so as to charge the purchaser with notice of the rights asserted under such occupancy.   Ordinarily it is a question for the determination of the jury whether or not the character of occupancy is sufficient to amount to such hostile acts as will be sufficient to give notice to the world of a claim of ownership, but we are of the opinion that the asserted acts of ownership shown in the present case were not sufficient to warrant a submission of that issue to the jury.   This is true when we consider the size of the tract of land, its remoteness, and the fact that only one man entered upon the land for the purpose of cutting timber, and that his entry was too short a time before the purchase made by plaintiff to be sufficient to give notice to the world that there was an occupant. When all those circumstances are considered, it is plain that the occupancy was not sufficient to give notice to the world of a claim of ownership.

In *Earle Improvement Co.* v. *Chatfield*, 81 Ark. 296, (quoting from the syllabus) we said:   "In order to acquire title to wood land by adverse possession, there must be actual use and occupancy of it of such unequivocal character as will reasonably indicate to the owner visiting the premises during the statutory period, not a mere occasional trespass, but exclusive appropriation and ownership."

In that case there was involved the question of adverse possession for the statutory period of limitation, but the same principle applies in testing the sufficiency of the acts of possession as notice to the world of a claim of ownership so as to prevent acquisition by an innocent purchaser.   It would be unreasonable to hold that occupancy of a 200-acre tract of wild land by one man, manifesting no other act of ownership except cutting timber for a short period of two or three days, would be sufficient

to put strangers upon notice that there was an assertion of title by such occupant. We are of the opinion, therefore, that the court was correct in refusing to submit to the jury the question of the right of the plaintiff to recover, for under the undisputed evidence she was an innocent purchaser of the land without any notice of defendant's prior purchase of the timber, and was entitled to recover the value of the timber.

(3) We think, though, that the court erred in instructing the jury to fix the damages at the enhanced value of the timber, for it is undisputed that defendant cut the timber, at least the greater portion of it, if not all, under the honest belief that he was the owner and without any actual knowledge that Morgan had sold the land to the plaintiff or to any other person. Under those circumstances he was liable only for the value of the timber as it stood on the land, in other words what is called the stumpage value, and not the enhanced value in the manufactured state.

In *Eaton* v. *Langley,* 65 Ark. 448, the following rule was laid down as the measure of damages: ''In replevin for standing timber cut by an innocent trespasser and converted into cross-ties, the owner is entitled to judgment for delivery of the timber so converted, notwithstanding its value has been increased six times; but, if delivery can not be made, the measure of the damage recoverable is the value of the cross-ties less the labor expended on them, provided such expense does not exceed the increase in value.''

One of these suits was replevin for the possession of the cross-ties. Therefore the rule stated above is applicable. The same rule is applicable to the other two suits for the value of the timber which had been cut from the land and sold in its manufactured state. There are numerous decisions of this court on that subject, the last being the recent case of *Foreman* v. *Holloway,* 122 Ark. 341, and according to the rule announced there the instruction of the court fixing the measure of damages was erroneous. For that reason the judgment will be reversed and the cause remanded for a new trial.