BEENE *v.* GREEN.

Opinion delivered January 22, 1917.

1. TIMBER—RESERVATION OF TIMBER IN DEED—TIME FOR REMOVAL.—Appellee deeded certain land reserving certain timber thereon. *Held,* he had only a reasonable time in which to cut and remove the same, and when he failed to do so for a period of fifteen years, it is the duty of the court to declare as a matter of law, that a reasonable time had elapsed.

2. FORFEITURES—WAIVER.—A forfeiture may be waived by conduct; but the party asserting the waiver must show that he relied upon it; or that he was misled to his injury; or that he changed his position to his damage; or that he paid a consideration for the waiver.

3. TIMBER—DAMAGES FOR CUTTING AND REMOVING.—Where timber is wrongfully cut and removed, but under a *bona fide* belief of ownership, the measure of damages is the stumpage value of the timber cut.

Appeal from Columbia Circuit Court; *Charles W. Smith*, Judge; reversed.

*Stevens & Stevens*, for appellant.

1. There was a forfeiture on the part of Green to his right to cut the timber within a reasonable time after the date of reservation. 77 Ark. 116; 111 *Id.* 253; 69 S. W. 320; 91 *Id.* 53; 46 S. E. 26; 43 S. W. 733; 83 Am. St. 661; 55 L. R. A. 513.

2. There was no waiver of the forfeiture by Beene or any one else who held title. 69 L. R. A. 833; 43 C. C. A. 278; 48 Ark. 445; 72 *Id.* 529; 40 Cyc. 269; 13 Enc. of Ev. 1020; 40 Cyc. 261-2.

3. There is error in amending the first instruction asked by plaintiff. The question of a reasonable time was not a question of fact for the jury, but of law for the court. 77 Ark. 120; 111 *Id.* 253; 69 S. W. 320; 91 *Id.* 53; 38 S. E. 26; 46 *Id.* 24.

4. One cannot waive a matter not known or not in his mind. 105 U. S. 359; 48 Ark. 445; 40 Cyc. 259, 260-1.

5. Plaintiff was entitled to recover the value of the timber on the skidway—not the stumpage value.

*C. W. McKay*, for appellee.

1. The deed reserves *all* the pine timber. No time for removal was mentioned. Beene only claimed the growth of the timber. The reasonable time was waived. 77 Ark. 118; 98 *Id.* 328.

2. Forfeitures are not favored in the law and slight circumstances will often be seized upon to prevent such. Any conduct inducing the other party to believe that the forfeiture will not be insisted on is treated as a waiver. 102 Ark. 451; 51 *Id.* 491; 59 *Id.* 405; 77 *Id.* 168.

3. Appellant did not ask the court to declare as matter of law that a reasonable time had expired for the removal of the timber and his failure estops him. There are no reversible errors.

HUMPHREYS, J. The appellant, R. O. Beene, brought suit in replevin against W. D. Green, appellee,

in the Columbia circuit court on the 9th day of September, 1915, to recover a lot of pine timber severed by appellee from the following described real estate, to-wit: N. W. ¼, N. W. ¼, Sec. 36, Tp. 19 S., R. 22 W., in Columbia county, Arkansas.

Appellant claimed title to said timber by virtue of a warranty deed executed by R. W. Jones and Maud Jones, his wife, to him dated March 20, 1912, describing said real estate. R. W. Jones had obtained his title to said real estate in the year 1905 from Mrs. Effie P. Jordan and T. S. M. Jordan, her husband. Mrs. Effie P. Jordan had obtained title to said real estate from W. D. Green and Lillian C. Green, his wife, on January 1, 1900.

In the deed executed by W. D. Green and wife for said real estate to Mrs. Effie P. Jordan a reservation was made of all pine timber on said premises measuring over twelve inches at the base.

The appellee denied that appellant owned the timber or was entitled to the possession thereof. The controlling question raised by the pleadings in the case is the title and right to the possession of said timber, the amount removed and the value thereof.

The undisputed evidence in the case disclosed the fact that appellee removed a portion of the timber from this tract at the request of the Jordans about two years after Green executed the deed to them; that he had a saw mill within hauling distance of this timber for a number of years; that he could have removed this timber long before he did; in fact, the record is entirely silent as to any excuse for not removing it; no time was fixed in the instrument or deed itself in which appellant might remove the timber.

In deeds of this character our court is committed to the construction that the timber must be removed by the grantor within a reasonable time after the execution of the deed. It was said in the case of *Liston* v. *Chapman Dewey Land Co.*, 77 Ark. 116, that "When all the circumstances are considered, and the facts are determined, the law will declare whether reasonable

time has expired for cutting and removing the timber conveyed. No fixed rule can be established for ascertaining a reasonable time. The facts and circumstances of each particular case must determine this.''

(1)    No sufficient excuse appearing in the record as to why appellee did not remove this timber, and nearly fifteen years having elapsed since the execution of the deed in which he reserved the pine timber, the court should have said as a matter of law in this particular case that a reasonable time had elapsed for cutting and removing the timber.  It is contended by appellee that appellant should have asked an instruction stating this to be the law if he desired the court to so advise the jury.   Instruction No. 1 asked by appellant was clearly based upon this theory of the law and should have been given in the form asked, but the court modified instruction No. 1 by adding thereto the following clause:  "*Unless the defendant had had reasonable time in which to cut and remove the timber* or plaintiff and his grantors had waived his right of forfeiture.'' In this particular case the court should not have submitted the question to the jury of whether the appellee had removed the timber within a reasonable time. The court should have declared under all the circumstances and facts in this case that appellee had failed to remove the timber within a reasonable time.

The submission of this question to the jury was not harmless error for it may be that the jury came to the conclusion that appellee had a right to remove this timber under the reservation in his deed.

(2)    We are also of the opinion that there is not sufficient evidence in this record to show that appellant waived his right to insist that appellee should have removed the timber sooner than he did.   It is true that appellant claimed the growth of the timber only; but it it likewise true that Green did not cut this timber on account of anything said or done by the appellant herein.   This record discloses the fact that Green, for his right to cut and remove the timber, relied wholly

and entirely upon the reservation of the pine timber in the deed made by himself to the Jordans.  Forfeitures are odious to the law and the party having the right to insist on a forfeiture may be held to have waived that right by his conduct.  One may impliedly waive his right to insist upon a forfeiture, yet the party claiming the waiver must show that he relied upon his conduct; or that he was misled to his injury; or that he changed his position to his damage or that he paid a consideration for the waiver.  In the instant case it is very clear that the appellee cut and removed the timber because of the reservation of the pine timber in the deed he made and not because of anything the appellant said or did.  Under the record made there is no substantial evidence to support a waiver insisted upon.

The evidence is conflicting as to the amount and value of timber cut and removed from this tract of land by appellant and was, therefore, a question for the jury.  That question of fact should go to the jury under proper instructions.

(3)  The record in this case discloses the fact that Green, the appellee, cut and removed the timber in good faith, believing that he was the owner thereof under the reservation in his deed.  The measure of damages in cases of this character has been laid down in the case of *Bunch* v. *Pittman*, 123 Ark. 127.  The court held in that case that the stumpage value of the timber cut was the measure of damages where a party removing the timber did so in good faith.

This cause, therefore, on account of the erroneous instructions, and insufficiency of the evidence, must be reversed and remanded for a new trial.