BROWN & HACKNEY *v.* DAUBS.

Opinion delivered May 26, 1919.

1. EVIDENCE—AMBIGUITY OF CONTRACTS.—Where a contract conveyed "all the gum timber on all the above described lands measuring 20 inches in diameter above 12 feet from the stump," parol evidence was admissible to prove that it was not intended that gum timber under 20 inches in diameter above 12 feet from the stump should be conveyed, the contract being ambiguous.

2. SAME—AMBIGUITY OF CONTRACT.—Where a vendor conveys all the timber save hickory timber on certain land "and all the gum timber * * * measuring 20 inches in diameter above 12 feet from the stump, parol evidence was inadmissible to show that oak timber under 20 inches in diameter 12 feet from the stump was conveyed, there being no ambiguity as to such oak timber, though there was ambiguity as to the gum timber.

3. SAME—WRITTEN CONTRACT—PAROL TESTIMONY.—The general rule is that parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a written contract; but this rule does not prevent the introduction of parol evidence, to ascertain the meaning of the parties as expressed in the written instrument.

4. SAME—AMBIGUOUS CONTRACT—PAROL TESTIMONY.—Parol evidence is competent to show the relations of the parties and attendant circumstances as an aid in interpreting or construing a written instrument which is uncertain or ambiguous.

5. TROVER AND CONVERSION — INNOCENT TRESPASSER — DAMAGES.— Where timber has been cut by an innocent trespasser, the measure of damages, where delivery cannot be had is the value of the property in its converted form less the labor expended on it, provided such expense does not exceed the increase in value.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

STATEMENT OF FACTS.

W. H. Daubs sued Brown & Hackney, Incorporated, to recover the possession or the value of certain saw logs mentioned in the complaint.

The defendant filed an answer denying that the plaintiff owned the logs, and also filed a bond to retain possession of them.

The material facts are as follows: W. H. Daubs was the owner of about 1,000 acres of timber lands sit-

uated in Cleveland and Dallas counties in the State of Arkansas. In July, 1917, he made a contract in writing for the sale of the timber on these lands to Brown & Hackney, Incorporated, for the sum of $5,100, of which the sum of $2,100 was paid in cash and the balance of $3,000 was evidenced by a promissory note due one year from date. The timber contract, after describing the lands and reciting the consideration, contained the following:

"The said party of the first part does hereby bargain, grant, sell and convey unto the said party of the second part, their successors and assigns forever, all the timber, save the hickory timber, on the northeast quarter of section thirty-five (35) and all the gum timber on all of the above described lands, measuring twenty inches in diameter above twelve feet from the stump, it being understood that all tops of trees left on the ground after the cutting of said timber is to become the property of the said party of the first part, and for the purpose of selling and removing said timber the said party of the second part, their successors to enjoy, for the purpose aforesaid, full and free ingress and egress through and over any portion of said lands leading to the Rock Island Railway or any point the party of the second part may designate to haul and load said timber."

The contract, also, provided that the purchasers should have three years within which to remove the timber from the lands.

The Brown & Hackney Company entered into possession of the lands and began to cut all the oak and gum timber on the northeast quarter of section 35. Daubs ordered the company to stop, claiming that under the terms of the contract that it was only entitled to the oak and the gum timber measuring 20 inches in diameter above 12 feet from the stump. The Brown & Hackney Company continued to cut the timber, claiming that under the language of the contract it was entitled to all the oak and gum timber regardless of size. Hence this lawsuit.

The court was of the opinion that the contract was ambiguous in its terms and permitted the plaintiff to testify that he only sold the oak and gum timber 20 inches in diameter and over 12 feet from the stump and that the contract was so understood by the parties to it; that he owned a small mill which was situated on these timber lands and for that reason did not sell the small oak and gum trees; that the defendant cut and removed from the northeast quarter of section 35 referred to in the contract, a quantity of oak and gum timber under 20 inches in diameter at the ground; that it hauled the logs to Ivan, Arkansas, and loaded them on the cars. The value and quantity of the timber cut by the defendant was also shown by the plaintiff. Other evidence was adduced by the plaintiff tending to corroborate his own testimony.

On the other hand, it was shown by the representative of the defendant company that the parties first negotiated for the timber on the lands other than the northeast quarter of section 35, described in the written contract, and were unable to agree on the price therefor; that the plaintiff then proposed to give him in addition all the timber on the northeast quarter of section 35, except the hickory and all the gum measuring 20 inches in diameter above 12 feet from the stump on all the other lands for the sum of $5,100, and that this offer was accepted; that the written contract was intended to express this agreement.

The jury returned a verdict for the plaintiff and the defendant has appealed.

*T. D. Wynne,* for appellant.

The court erred in holding that the timber contract was ambiguous and susceptible of more than one construction, and in permitting Daubs to testify as to what his intention was in selling the timber and the kind and quantity of timber contrary to the language of the contract, stating the intention of the parties and in stating to the jury that the contract was of doubtful meaning and that it was their province to determine the force and

effect of the terms employed, and also erred in refusing to give the instructions requested by defendants. Instruction No. 4 requested by appellant was improperly refused. The contract was not ambiguous or capable of more than one construction, and parol evidence was not admissible to vary its terms or contradict it. 6 R. C. L. 836; 94 Ark. 493; 116 *Id.* 212; 111 *Id.* 29; 39 *Id.* 447; 52 *Id.* 254; 62 *Id.* 133.

Punctuation and bad grammar do not vitiate a contract. 6 R. C. L. 846. The only doubtful meaning relates to the size of the gum timber sold. It was plainly error to charge the jury that it was for them to determine whether or not appellants had the right to cut oak only 20 inches in diameter and twelve feet from the stump, as the contract was not ambiguous. See cases *supra.*

*Paul G. Matlock,* for appellee.

The contract is ambiguous and parol testimony was admissible to explain its meaning. The court properly refused instruction No. 4. The cases cited by appellant do not support his contention. 111 Ark. 29; 39 *Id.* 442; 44 *Id.* 447; 52 *Id.* 254; 62 *Id.* 133. These cases are really against his contention. See 70 Ark. 99; 93 Id. 352; 108 *Id.* 552. The verdict is amply sustained by the evidence and should be sustained.

HART, J., (after stating the facts). The court was of the opinion that the timber deed was ambiguous and permitted the plaintiff to testify that he sold the defendant the oak and gum timber on all the lands mentioned in the deed, which was 20 inches and over in diameter 12 feet from the stump, and did not sell on any land the oak and gum timber under 20 inches in diameter 12 feet from the stump.

On the other hand, the defendant claims that he bought all the gum and oak timber on the northeast quarter of said section 35 both over and under 20 inches in diameter. The court also embodied the contention of the plaintiff in its instruction to the jury and left it to the jury to decide whether the contract was as contended for by the plaintiff, or by the defendant.

The court was right in holding the contract to be ambiguous; but was wrong in permitting the plaintiff to testify that it was the intention of the parties to except from the terms of the contract all of the oak timber under 20 inches in diameter 12 feet from the stump in the northeast quarter of section 35, and in submitting the plaintiff's contention, in this respect, to the jury. The contract contains two descriptions of timber sold, each of which is perfectly clear in itself, but which are mutually inconsistent and contradictory. The words, "all the timber save the hickory on the northeast quarter of section 35," when used by themselves are perfectly clear and indicate that all the timber of whatever kind and size which is situated on section 35, except the hickory timber only was sold. The words, "all the gum timber on all of the above described lands measuring 20 inches in diameter above 12 feet from the stump," when used by themselves are equally clear and indicate that only the gum timber measuring 20 inches in diameter, etc., was sold. It is manifest, however, that the two clauses following each other as they do in the contract are contradictory and make the contract ambiguous. If the draftsman had used the words, "all the gum timber on the rest of the above described lands" instead of the words "all of the gum timber on all of the above described lands," it is obvious the contract would have the meaning contended for by the defendant.

On the other hand, if the draftsman had used the words, "all the timber save the hickory timber and the oak and gum timber under 20 inches in diameter," etc., on the northeast quarter of section 35, instead of the words, "all the timber save the hickory timber on the northeast quarter of section 35," it is clear that the contract would have the meaning contended for by the plaintiff; but as above stated, the terms of the contract as they now stand are inconsistent and contradictory.

The general rule is that parol testimony cannot be received to contradict, vary, add to, or subtract from the terms of a written contract; but where the language of

the contract is ambiguous, this rule does not prevent the introduction of parol evidence to ascertain the meaning of the parties as expressed in the written instrument. This is in application of the settled rule that parol evidence is competent to show the relations of the parties and attendant circumstances as an aid in interpreting or construing a written instrument which is uncertain and ambiguous. *Jones* v. *Lewis,* 89 Ark. 368; *Wood* v. *Kelsey,* 90 Ark. 272; *Wilkes* v. *Stacey,* 113 Ark. 556, and *Selig, Recvr.,* v. *Phillips County,* 129 Ark. 473, and cases cited. The reason that such testimony is received is that it merely aids in determining the true meaning of the language used and does not contradict, vary, add to, or take away from the writing. As said in *Hammond* v. *Capitol City Mutual Fire Ins. Company,* 151 Wis. 62, Ann. Cas. 1914 C., Vol. 33, p.57, ''The meaning so arrived at must not be inconsistent with the language of the writing, but it may limit such language to a particular meaning which is included therein, and exclude another meaning which the language may also bear. The office of such testimony is, within the meaning of the terms employed in the writing, to render certain that which is uncertain, and to determine just what in fact the writing was intended to express.''

The rule is well stated in *Boden* v. *Maher,* 105 Wis. 539, 81 N. W. 661, 32 L. R. A. (N. S.) 389, where the court said:

''Parol evidence to vary the terms of a written contract is one thing; such evidence to enable the court to say what the parties to a contract intended to express by the language adopted in making it is quite another thing. The former is not permissible. * * * The latter is permissible, and is often absolutely essential to show the real nature of the agreement. * * * Both rules are elementary and do not conflict in the slightest degree with each other. One prevents a written contract from being varied by parol evidence either in regard to what was said at the time it was made or prior thereto; the other aids in determining what the contract is when its lan-

guage, either in its literal sense or as applied to the fact, is obscure. The one is a rule to preserve the contract as expressed in writing; the other is a rule of construction to determine what the contract, as expressed, is, it being kept in mind that the mutual intention of the parties, so far as the same can be ascertained, governs within the reasonable meaning of the language they chose to express it; and that rules of construction to discover it are not to be resorted to unless there is some ambiguity to be cleared up. A failure to keep in mind the wide distinction between varying a contract by parol evidence and resorting to such evidence in aid of its construction often leads to error.''

To allow plaintiff to prove by parol testimony that the oak timber under 20 inches in diameter 12 feet from the stump on the northeast quarter of section 35, was intended to be excepted from the terms of the contract would necessarily contradict the written instrument. To allow him to prove by parol testimony that it was their intention to except the gum timber less than 20 inches in diameter 12 feet from the stump would not contradict the written instrument, but would tend to explain its terms which are, as written, uncertain and ambiguous.

It follows that the court erred in allowing the plaintiff to show that it was the intention of the parties to except any oak timber from the provisions of the contract; but the court should have only allowed him to show that it was their intention to except gum timber less than 20 inches in diameter 12 feet from the stump on the northeast quarter of section 35, and then have submitted to the jury the determination of the question of whether the plaintiff or defendant was right in their respective contentions.

The action of the court in giving instruction No. 3 on the measure of damages is also assigned as error. The instruction reads as follows:

''If you find for the plaintiff, then you should determine from the evidence, first, the amount of timber wrongfully taken under 20 inches in diameter 12 feet

from the stump, and then its proven value on the spur track and at Ivan is the measure of plaintiff's damages, and your verdict should be, if you find for the plaintiff, for the value of the timber at such points at which the timber was piled, namely, the spur track and Ivan.''

The defendant, if a trespasser, was under the facts disclosed by the record, an innocent one, and the measure of damages in cases of this sort, where the property has been cut by an innocent trespasser and delivery cannot be had, is the value of the property in its converted form, less the labor expended on it, provided such expense does not exceed the increase in value. *Eaton* v. *Langley,* 65 Ark. 448, and *Randleman* v. *Taylor,* 94 Ark. 511.

It will be noted that the instruction in question did not contain the qualifications prescribed in the cases just cited and for that reason was erroneous.

For the errors indicated in the opinion, the judgment must be reversed and the cause remanded for a new trial.