JONES *v.* VAUGHAN.

Opinion delivered July 13, 1931.

*John E. Miller* and *C. E. Yingling,* for appellant.

*J. F. Holtzendorff* and *Emmet Vaughan,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists the court erred in not directing a verdict in his favor, which he urges is the only question for determination here.

The undisputed testimony shows the sale of the timber by appellee to George Wright Jones, the terms there-

of, and the purchase of the lumber in the open market by appellant, who paid the market price therefor without any actual knowledge that the timber had been cut from the lands of appellee, who retained the title thereto in the contract of sale until it was fully paid for. There was some testimony tending to show that George Wright Jones, from whom appellant purchased the lumber, was reporting to appellee, the vendor thereof, the timber cut and lumber manufactured from it during the time it was being removed from the land. The timber contract was duly recorded, and was such an instrument as the law requires to be recorded in order to become effective as notice, since it conveyed an interest in lands. This sale contract, however, authorized the cutting of the timber by George Wright Jones in accordance with its terms, notwithstanding it reserved the title in the timber and logs and lumber until the obligations of the contract were fully paid and satisfied. Appellant, who purchased the lumber manufactured from the timber without actual knowledge of the terms of the contract and the reservation of the title and knowing nothing about where the timber came from, could not be held to the payment to the owner of more than the stumpage price of the timber as specified in the contract, unless George Wright Jones, who cut the timber and removed it, was a wilful trespasser, as the court correctly instructed the jury.

The jury might have found from the testimony that appellee, the owner of the timber, was informed by the purchaser thereof, during the time of its removal from the land, that it was being removed and manufactured; and under such circumstances that appellee was not entitled to recover the enhanced value of the timber when manufactured into lumber, even though it had been wrongfully done by a wilful trespasser. In other conditional sales of personalty, where the title is retained by the vendor, this court has frequently held that the buyer may dispose of his interest in the property purchased, and in doing so does not affect adversely the vendor's

right to the property so long as the purchase price therefor remains unpaid.

Since the purchaser of the timber could remove same and legally dispose of his interest therein, the vendor's right to payment of the purchase money therefor, under the retention of title contract, not being adversely affected by such sale, the purchaser from the conditional vendee would only be bound to pay the balance of the purchase money due in order to protect his title therein, and could not be held liable for more than the purchase money, for the payment of which the title was retained.

The jury had the right to determine the conflicts in the testimony, and its verdict is supported by substantial testimony.

We find no error in the record, and the judgment is affirmed.