BAILEY *v.* HAMMONDS.

4-4526

Opinion delivered February 15, 1937.

634

T. C. *Trimble, Jr.,* and *McKinley & Thompson,* for appellant.

McHaney, J. Appellees, being the owners of east half, northeast quarter of section 2, township 4 north, range 11 west, Pulaski county, sued appellant for damage for cutting, removing and manufacturing into lumber the timber from the north forty of said tract. The complaint alleged that appellant and his agents "willfully, knowingly, wrongfully and without right," and without the knowledge of appellees, entered upon said land and cut, removed and manufactured into lumber 24,483 feet of timber therefrom of the value of $20 per thousand; and that appellant and his agents, in like manner, cut and left lying on the ground 15,000 feet of timber of the value of $5 per thousand. Damage was prayed in the total sum of $562.27, plus damage to the land caused by the running of trucks and wagons over it in the sum of $200, which latter item appears to have been abandoned. Appellant answered denying all the allegations in the complaint and setting up as an affirmative defense an agreement with appellee to haul to his mill and manufacture into lumber certain timber which appellee was to cut from his land, to be used by appellee in building a house thereon, and that the latter was to pay him in timber stumpage at the rate of $3 per thousand feet, and that, pursuant to said

agreement, he hauled the timber cut by appellee for his house pattern to the mill, manufactured same into lumber and delivered the finished product back on the land, amounting to 3,085 feet, at a cost to him of $32.04; that later, still in pursuance of his agreement with appellee, he cut from the north forty 9,849 feet of logs of the value of $29.49, which leaves appellee still owing him $2.55.

The case was tried to a jury on the respective theories of the parties, and resulted in a verdict and judgment against appellant in the sum of $363.

For a reversal of the judgment against him appellant first says the court erred in permitting the witness, Ehrenberg, to testify regarding the value of the logs in question, after they were manufactured into lumber, for two reasons: first, that the pleadings could not be construed as a suit for the enhanced value of the timber; and, second, that there was no testimony that the logs were manufactured into lumber. Appellant is in error on both grounds. The complaint alleged a willful and wanton trespass and conversion of the property, and that it was worth $20 per thousand feet after being manufactured. The timber that was left lying on the ground was alleged to be worth only $5 per thousand. There was ample proof that stumpage was worth only about $3 or $3.50 per thousand. This shows that appellees were suing for the enhanced value of the timber after being manufactured into lumber, and for the value of the timber after being cut into logs which were left on the ground. Moreover, the case was tried and submitted to the jury on that theory by both parties. In instruction No. 1 the court told the jury that if they found from a preponderance of the testimony that appellant, his agents or servants, willfully and without right went upon said land and cut therefrom the oak and gum timber and hauled it away and manufactured it into lumber, they would find for the appellees and assess their damage at whatever sum that they might find, by a preponderance of the evidence, was the market value of the timber so taken at the mill, after it was manufactured into lumber or in its improved state. Appellant's abstract does not show any objection to this

instruction and the record only shows a general objection. Also appellant asked and was given an instruction, his No. 2, which assumes that the timber was manufactured by him. It reads in part as follows: "The jury is instructed before you can consider the valuation of timber as a finished and manufactured product in determining plaintiff's damages you must find by the preponderance of the testimony that the defendant wantonly, willfully and wrongfully cut said logs without right and contrary to agreement between plaintiff to pay the said defendant in marketable timber from said lands," etc. Therefore, we are forced to the conclusion that appellees' action was one for the enhanced value of the timber and that there was no dispute that the logs in question were manufactured into lumber by appellant, which disposes of the question of the admissibility of the testimony of the witness, Ehrenberg, and there being substantial evidence to support the jury's finding of a willful trespass, it is conclusive here.

It has long been the rule in this state that where a trespasser willfully enters upon the land of another and cuts and removes timber therefrom, and by his labor enhances the value thereof, such trespasser will be liable to the owner for the value of the timber with 6 per cent. interest from the date of the conversion, without deduction for the increase in value caused by the work and labor of the trespasser. In the case of *Central Coal & Coke Co.* v. *John Henry Shoe Co.*, 69 Ark. 302, 63 S. W. 49, the shoe company, a Louisiana corporation, and another, were the owners of certain timber lands in this state. Certain trespassers entered upon said land willfully and, without right, cut the timber therefrom, and converted it into railway ties. They sold the ties to the Central Coal & Coke Company, a tie dealer, who took possession thereof and shipped the ties out of the state. The owners brought suit against the coal and coke company for conversion of the ties and to recover damages, which they did in the sum of $2,000. Judge RIDDICK, speaking for the court, said: "This is an action for damages for the unlawful conversion of railway ties. The evidence

makes out a very clear case of willful trespass on the part of Less & Watkins, from whom defendant purchased the ties. Less & Watkins had notice that the land from which the ties were cut belonged to the plaintiffs, and yet, without permission or authority from them, entered upon it with a large force of men, and cut the timber and converted it into ties. Under these circumstances, it is clear that, being willful trespassers, they were liable to the plaintiffs for the full value of the ties at the time of the sale and conversion, and, had they been sued, would have been entitled to no reduction on account of labor and expense. The rule would have been different had they been innocent of intentional wrong, the reasons for which are fully explained in the opinion in a recent case decided by this court. *Eaton* v. *Langley,* 65 Ark. 448, 47 S. W. 123, 42 L. R. A. 474.'' The case last mentioned was an action in replevin where the rule is laid down with reference to damages for the cutting of timber by trespassers and the reasons for the rule are stated by Judge BATTLE with great learning and clarity, and it is perhaps the leading case in this state on the subject. Appellant contends that the rule applies only in actions in replevin, but in this he is mistaken, as the case just quoted from was not such an action, but a simple action for damages for conversion. In *Bradley Lumber Co.* v. *Hamilton,* 117 Ark. 127, 173 S. W. 848, the rule was again stated in a headnote, as follows: ''The measure of damages for the conversion of standing timber is the value of the timber, at the time and place of the conversion, if the cutting was done in good faith, but, if the cutting was done in bad faith, the enhanced value of the timber may be recovered,'' and it was not an action in replevin. In *Bunch* v. *Pittman,* 123 Ark. 127, 184 S. W. 850, the plaintiff instituted three actions against the defendant—two for the recovery of the value of the timber cut from the land, and the other a replevin for ties made from timber cut on the land. The three cases were consolidated and tried together. See, also, *Griffith* v. *Ayer-Lord Tie Co.,* 109 Ark. 223, 159 S. W. 218; *Foreman* v. *G. D. Holloway & Son,* 122 Ark. 341, 183 S. W. 763; *Arkansas Power & Light Co.* v. *Decker,*

179 Ark. 592, 17 S. W. (2d) 293; *Kansas City Fibre Box Co.* v. *F. Burkhart Manufacturing Co.,* 184 Ark. 704, 44 S. W. (2d) 325, which last mentioned case is a replevin action.

Since this is not a replevin action, appellant insists that the rule stated should not apply, but it should be governed by § 7004, Crawford & Moses' Digest, which provides for damages in double the value to be recovered in an action at law against the trespasser. We cannot agree with appellant in this regard as the decisions above cited seem to make no distinction between replevin actions and simple actions for damages for conversion. The remedies above mentioned were such as were available at common law and the statute does not make the remedy there provided for exclusive.

It is finally argued that the verdict and judgment for $363 is without substantial evidence to support it. Again it is assumed that there was no evidence that the logs cut from appellees' land were manufactured into lumber by appellant, but as we have heretofore pointed out this position is not tenable. It was not even raised in the court below, but on the contrary the case was tried on the assumption that appellant did manufacture the logs into lumber. While we are of the opinion that the amount awarded appellees was amply high, we cannot say that it is without evidence to support it. The proof on appellees' part showed that 24,438 feet board measure of timber was cut from the north forty-and hauled to appellant's mill and that the value of the finished product was from $18 to $20 per thousand at the mill. Also that 15,000 feet of timber were cut and left on the ground to waste of the value of $5 per thousand. It is easy to see that if the jury believed this testimony, and they evidently did, the judgment for $363 is not excessive. The witness, Ehrenberg, testified to his familiarity with the character of timber in the vicinity of appellees' lands and that rough lumber from such timber was reasonably worth from $18 to $20 per thousand. The jury's verdict, therefore, cannot be said to rest upon speculation or conjecture and might

reasonably have been for. a greater amount than was awarded.

We find no error, and the judgment is affirmed.