BURBRIDGE *v.* BRADLEY LUMBER COMPANY.

4-9486                                        239 S. W. 2d 285

Opinion delivered May 14, 1951.

*Leffel Gentry* and *U. A. Gentry,* for appellant.

*Williamson & Williamson,* for appellee.

ROBINSON, J.   The appellee, Bradley Lumber Company, cut, removed and converted to lumber some five hundred thousand feet of timber from lands belonging to appellant, Burbridge, under the honest but mistaken belief that the land belonged to the Lumber Company. It is stipulated that the market value of the stumpage, *i. e.,* the timber standing in the tree, was $4.50 per thousand, and the cost of converting the timber into lumber was $11.61 per thousand; that the lumber, the finished product, had a market value of $25 per thousand. Adding the value of the stumpage to the cost of conversion makes a total of $16.11 which leaves a net profit of $8.89 per thousand.

The parties hereto each claim they are entitled to this profit.   Our cases have laid down two different rules regarding the measure of damages for the innocent conversion of timber.   The conflict arises where the converter has added value to the timber by cutting it into cross-ties, stave bolts, lumber, etc.   By one rule, which we will call the Eaton rule, the measure of damages is the value of the wood in its manufactured state, less the cost of the converter's labor and expenditures.   The effect of this rule is to give the original owner whatever increase in value there may have been over and above the

actual cost of manufacture. The second rule, which we will call the United States rule, gives the original owner only the stumpage value of the timber, which has the effect of giving the converter whatever profit has resulted from his conversion.

It may be noted that some confusion has arisen from the word "stumpage." The dictionary defines stumpage as the value of timber standing in the tree, and all the cases in *Words & Phrases* give this definition. But, one or two of our cases seem to use the word as meaning the timber after it has been felled and cut into logs. This is not true stumpage, and under the Eaton rule the converter should be given credit for his expense in felling and cutting up the trees.

*Eaton* v. *Langley*, 65 Ark. 448, 47 S. W. 123, 42 L. R. A. 474, is the first and leading case in our Reports on this subject. There Judge BATTLE, for the majority, reviewed the cases from some other jurisdictions and stated that since there was no Arkansas precedent, the court felt free to adopt what it considered to be the "wisest and most just rule." He then laid down with perfect clarity the Eaton rule, which gives the profit to the original owner rather than to the wrongdoer.

*Central Coal & Coke Company* v. *John Henry Shoe Co.*, 69 Ark. 302, 63 S. W. 49, cited the Eaton case with approval but as dictum, since the trespass was willful.

*United States* v. *Flint Lbr. Co.*, 87 Ark. 80, 112 S. W. 217, marks the first intrusion of what we have designated herein as the United States rule. That was an insolvency proceeding in which the United States filed a claim for the value of timber cut by one who had homesteaded federal land with the fraudulent purpose of denuding it of its timber. The trespass was willful; so the reference to an innocent trespass is dictum. As such dictum the court stated that the measure of damages is the value of the property when first taken. The only cases cited to support this statement are three decisions of the United States Supreme Court. The Eaton case is not cited.

*Randleman* v. *Taylor,* 94 Ark. 511, 127 S. W. 723, follows the Eaton rule completely with no mention of the United States rule. This case should have dispelled any doubt about the dictum in the preceding case being the law in Arkansas, but unfortunately it did not have that effect.

*Newhouse Mill & Lumber Company* v. *Avery,* 101 Ark. 34, 140 S. W. 985, inadvertently added to the doubt. There the trial court had instructed the jury that if the trespass was innocent the measure of damages would be the stumpage value, which seems to state the United States rule. But, the contested issue was whether the plaintiff should have single or triple damages. The jury gave the plaintiff a verdict, and it was the defendant who appealed. Obviously if the plaintiff had wanted to complain about the court having given the United States rule to the jury, he would have had to cross appeal. Since there was no cross appeal, there was no occasion for the Supreme Court to point out that the instruction was too favorable to the appellant. Therefore, this case is not really authority for the United States rule.

*Bradley Lumber Company* v. *Hamilton,* 117 Ark. 127, 173 S. W. 848, is rather difficult to follow. The trial court, by a master, found that the value of the timber in the trees was $2.00 a thousand feet, but that the market value was $3.20 a thousand. A decree for the latter amount was affirmed by this court. The court cited the Eaton rule as authority for the, perhaps, erroneous statement that the measure of damages is the value at the time and place of conversion. It does not seem to have been shown that any labor had been expended, other than the mere cutting of the trees into logs. The decision not only cited the Eaton case, but also affirmed an award in excess of true stumpage. Consequently, it is certain that the court did not intend to desert the Eaton rule.

*Foreman* v. *G. D. Holloway & Son,* 122 Ark. 341, 183 S. W. 763, innocently added to the confusion. Here a mortgagor had cut and sold timber from his mortgaged lands. When the mortgagee foreclosed he joined the vendee as a defendant and asked for the value of the timber in its

manufactured state. The court properly held that since the mortgagee was not the owner of the land, all he was entitled to was a decree giving him a judgment to the extent of his damages. Since his security had been impaired only to the extent of the timber in the trees, that was the rule to be applied. Thus, this case merely applied the United States rule to peculiar facts, involving a mortgagee, where the rule was plainly proper. Nevertheless, the case has been later cited as authority for the application of the United States rule in cases of actual trespass, thus adding to the confusion. It was also followed in *Baker-Matthews Lbr. Co.* v. *Bank of Lepanto,* 170 Ark. 1146, 282 S. W. 995, which is another mortgage case, and therefore not at all inconsistent with the Eaton rule.

In *Bunch* v. *Pittman,* 123 Ark. 127, 184 S. W. 850, for the first time the court states both rules. The court first says that the measure of damages is the stumpage value and then quotes the opposite rule from the Eaton case. This case by itself might not have seriously impaired the Eaton rule, but it was almost immediately cited as authority for the United States rule in two later cases. *Hampton Stave Co.* v. *Elliott,* 124 Ark. 574, 187 S. W. 647, and *Beene* v. *Green,* 127 Ark. 119, 191 S. W. 915, are the two cases just mentioned. Either expressly or by implication these opinions say that the stumpage value is the measure of damages, citing the Bunch case.

*Brown & Hackney* v. *Daubs,* 139 Ark. 53, 213 S. W. 4, goes back to the Eaton rule and cites the Eaton case as authority.

*Augusta Cooperage Co.* v. *Bloch,* 153 Ark. 133, 239 S. W. 760, says that the measure is the stumpage value, but the only cases cited are United States decisions, and, of course, they are authority for that statement. It may be added that there was no showing of any added value except the mere cutting and removal of the logs, so this may be another instance of misunderstanding the true meaning of stumpage.

*Hudson* v. *Burton,* 158 Ark. 619, 250 S. W. 898, as dictum repeats the Eaton rule in a case involving a landlord and tenant.

*Arkansas Power & Light Co.* v. *Decker,* 179 Ark. 592, 17 S. W. 2d 293, is rather interesting as an analogy to the rule in timber cases. There the question was the measure of damages for the conversion of minerals. The court held that if the trespass was innocent the measure would be the value of the minerals in place in the ground, but if the trespass was willful the measure would be the value at the mouth of the mine, (thus depriving the trespasser of his expenditures in mining out the property). The Court cites the Eaton case to support its decision.

*Jones* v. *Vaughan,* 184 Ark. 174, 41 S. W. 2d 986, is another case where the United States rule was properly applied to the particular facts. There a contract for the sale of timber contained a provision that the timber had to be sawed at a mill located on the timber tract itself. There was a violation of this provision, but of course the court held that the measure of damages was governed by the contract, which provided for sale at a certain stumpage value. Hence all that case did was to enforce a contract that happened to embody the United States rule.

*Kansas City Fibre Box Co.* v. *Burkhart, Mfg. Co.,* 184 Ark. 704, 44 S. W. 2d 325, involves a willful trespass, but as dictum the court first says that in innocent trespass cases the measure is the stumpage value. The court then quotes the contrary rule from the Eaton case.

*Bailey* v. *Hammonds,* 193 Ark. 633, 101 S. W. 2d 785, states that the measure is the value at the time and place of cutting and then cites the Eaton case, thus recognizing both rules. In referring to the Eaton case the Court said: "The case last mentioned was an action in replevin where the rule is laid down with reference to damages for the cutting of timber by trespassers and the reasons for the rule are stated by Judge BATTLE with great learning and clarity, and it is perhaps the leading

case in this state on the subject. Appellant contends that the rule applies only in actions in replevin, but in this he is mistaken, as the case just quoted from was not such an action, but a simple action for damages for conversion."

*Brewer* v. *Fletcher,* 210 Ark. 110, 194 S. W. 2d 668, the most recent case, involved a willful trespass, but as dictum the court states the United States rule.

The case at bar presents the issue of which rule this court is now going to follow as the law of this State. We are of the opinion that the rule as laid down in the Eaton case is the "wisest and most just," as stated there by Mr. Justice BATTLE, and we therefore follow that rule. Mr. Justice BATTLE said:

"In considering the justice of permitting the appellant to appropriate the cross-ties to his own use, the invasion of his rights and the injury done to him by appellee should not be overlooked. The trees belonged to him. They were standing upon his land, and he had the right to hold them as they were. No one had the right to take them from him, convert them into ties, and force him to accept their value at the time of the conversion. He may have preferred to have them to stand; and, if left standing for a few years, they might yield him great profit, and the enhancement of their value by the labor of appellee might be a poor compensation for the wrong done. But, whether he wished to sell or not, it would be gross injustice to permit appellee to force him to sell. He is entitled to the protection of the laws. Deny to him the right to the cross-ties, and force him to accept the value of his timber when appropriated by a trespasser, as it was at the time of the conversion, and he has no adequate protection. The injury inflicted by the trespasser would be borne in part by the innocent owner, and the guilty would escape. 'Such a doctrine,' as said by Chief Justice COOLEY, 'offers a premium to heedlessness and ·blunders, and a temptation by false evidence to give an intentional trespass the appearance of an innocent mistake.' "

In the Eaton case it was recognized that in some instances the cost of conversion and the value added by reason of the conversion would be out of all proportion to the value of the original article, and the injustice of permitting a recovery of the value of the property as converted would be apparent at first blush. However, we are not dealing with an instance of that kind in the case at bar.

The original owner is entitled to recover the value of the property in its new form less the cost of labor, material and incidental items necessarily expended in transforming it, provided the expenditures do not exceed the increase in value which was added by the transformation, in which event he should recover the value of the property in its new form, less the increase in value.

Reversed, with directions to enter a decree not inconsistent with this opinion.