ARKANSAS AMUSEMENT CORPORATION *v.* KEMPNER.

Opinion delivered December 15, 1930.

*Brickhouse & Brickhouse* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Robinson, House & Moses* and *Harry E. Meek,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the Third Division of the circuit court of Pulaski County to recover weekly salary installments which had accrued and not been paid up to the date of the institution of the suit and which would accrue up to the date of the trial thereof, under and by virtue of a written contract of employment entered into by appellee and the Little Rock Amusement Company, on the 30th day of July, 1925, which obligation on the part of the Little Rock Amusement Company had been assumed by appellant.

Although the contract was set out *in haec verba,* the following paragraph thereof was made the basis of the suit:

"Little Rock (meaning Little Rock Amusement Company) agrees to employ Kempner either as vice president or, at its option, in other executive capacity, for the period between the date of this contract and November 1, 1939, and Kempner agrees to accept said employment and to give to Little Rock and its affairs such of his time, attention and service as it requests of him. Little Rock agrees to pay Kempner in return for said services salary at the rate of eight thousand dollars a year from the date hereof to November 1, 1939, said salary to be paid in weekly installments of one hundred fifty-three dollars and eighty-five cents ($153.85) each."

Appellant filed an answer admitting the assumption of the obligations of the Little Rock Amusement Company under the alleged contract, but pleading as a defense to the payment of the salary therein provided for appellee that he failed to perform the executive duties requested of him by it.

The cause was submitted upon the pleadings, testimony and instructions of the court resulting in a verdict and consequent judgment of $9,428.65 against appellant, from which is this appeal.

Appellant contends for a reversal of the judgment upon several grounds, the main contention being that the trial court admitted parol testimony relative to negotiations leading up to the execution of the contract, as well as prior contracts between appellee and the Little Rock Amusement Company and others, to explain what duties appellee should perform for appellant under the written paragraph of the contract set out above. The trial court admitted the evidence upon the theory that the paragraph in question was ambiguous as to the nature and character of the services to be rendered by appellee to appellant in order to earn the salary.

It is the settled rule in this State that parol evidence of conversations and negotiations leading up to the execution of a contract, as well as the relation of the parties thereto and the attendant circumstances to explain and

aid in the interpretation of uncertainties and ambiguities contained in writing may be admitted. *Jones v. Lewis,* 89 Ark. 368, 117 S. W. 561; *Wood v. Kelsey,* 90 Ark. 272, 119 S. W. 258; *Wilkes v. Stacy,* 113 Ark. 556, 169 S. W. 796; *Seelig v. Phillips County,* 129 Ark. 473, 196 S. W. 456; *Brown & Hackney v. Daubs,* 139 Ark. 53, 213 S. W. 4. Of course, the converse rule is true that parol testimony will not be admitted to explain provisions in the contract which do not have double meanings and are not susceptible of two interpretations. *American Southern Trust Co. v. McKee,* 173 Ark. 147, 293 S. W. 50.

We are unable to discover any ambiguity in the contract as to the nature and character of services appellee bound himself to perform. In just so many words he obligated himself in payment of a stated salary for a definite period to perform any executive function the company would request him to perform. Executive functions have relation to the management of all or some part of a business and imply activity. An executive officer or employee is one who assumes command or control and directs the course of the business, or some part thereof, and who outlines the duties and directs the work of subordinate employees. Such functions are easily and readily distinguishable from routine work and ordinary labor required in the conduct of a business. It was the duty of appellee, under the wording of the contract, to perform any executive function connected with the picture show business which appellant should call upon him to perform. Appellee cannot be heard to say, as he attempted to do in the trial of the cause, that his duties were to be perfunctory or nominal, and that his position was to be that of a sinecure.

Conversations, letters and other negotiations leading up to the execution of the contract in question, and independent contracts made by appellee with the Little Rock Amusement Company and others relative to the conduct of the picture show business were inadmissible, as the contract with reference to the duties he obligated

himself to perform were certain and unambiguous. Not only did the trial court err in admitting irrelevant and incompetent testimony upon the issue joined in the pleadings, but also erred in sending the cause to the jury to determine the nature and character of services to be performed by appellee under the contract. The trial court told the jury that the contract was ambiguous and directed them to interpret its meaning with respect to the kind of services appellee was to perform; whereas, he should have instructed them that it was the duty of appellee to perform any services of an executive nature connected with the picture show business when requested to do so, and that he could not recover if he failed or refused to perform such duties. The jury should have been instructed that appellee could not recover his weekly salary unless he performed the excutive service connected with the picture show business which appellant called upon him to do.

The judgment is therefore reversed, and the cause is remanded for a new trial.

HART, C. J., and McHANEY, J., dissent.