Legislators — Executive Agencies — Membership Title 74 O.S. 1304 [74-1304] (1968), is unconstitutional insofar as it provides for the Chairman of the Insurance Committee of the House of Representatives of the State of Oklahoma and the Chairman of the Business, Industry and Labor Relations Committee of the Senate of the State of Oklahoma to serve as members of the State Employees Group Health Board. The Attorney General acknowledges receipt of your letter dated June 7, 1968, wherein you in effect ask whether 74 O.S. 1304 [74-1304] (1967) is constitutional, insofar as it provides for the Chairman of the Insurance Committee of the House of Representatives of the State of Oklahoma and the Chairman of the Business, Industry and Labor Relations Committee of the Senate of the State of Oklahoma to serve as members of the State Employees Group Health Board. The statute creating the board and vesting its powers and its duties are set out below: Title 74 O.S. 1304 [74-1304] (1967), is as follows: "(1) There is hereby created the State Employees Group Health Board consisting of the Executive Secretary of the Oklahoma Public Employees Retirement System, the Insurance Commissioner, the Attorney General, the Director of State Finance, the State Purchasing Director of the State Board of Public Affairs, the Commissioner of Charities and Corrections, the Chairman of the Insurance Committee of the House of Representatives of the State of Oklahoma, and the Chairman of the Business Industry and Labor Relations Committee of the Senate of the State of Oklahoma." (Emphasis added) Title 74 O.S. 1306 [74-1306] (1967), is as follows: "(1) The Board shall administer and manage the Health Insurance Plan and, subject to the provisions of this act, shall have the following powers and duties: "(a) The preparation of specifications for the Health Insurance Plan; "(b) The authority and duty to request bids through the Purchasing Division of the State Board of Public Affairs, and to contract with a carrier or carriers to underwrite the Health Insurance Plan; "(c) The determination of the methods of claims administration under the Health Insurance Plan, whether by the state or carrier or both; "(d) The determination of the eligibility of employees and their dependents to participate in the Health Insurance Plan provided that evidence of insurability shall not be a requirement in determining an employee's initial eligibility; "(e) The determination of the amount of employee payroll deductions and the responsibility of establishing the procedure by which such deduction shall be made; "(f) The establishment of a grievance procedure by which the Board shall act as an appeals body for complaints by insured employees regarding the allowance and payment of claims, eligibility, and other matters; "(g) The continuing study of the operation of the Health Insurance Plan including such matters as gross and net costs, administrative costs, benefits, utilization of benefits and claims administration; "(h) The administration of the Health Insurance Reserve Fund. "(2) The Board, pursuant to the provisions of 75 O.S. 301 [75-301] — 75 O.S. 325 [75-325] (1965), shall adopt such rules and regulations consistent with the provisions of this act as it deems necessary to carry out its statutory duties and responsibilities. Laws 1967, c. 374, Section 6." The constitutional obstacle to the composition of the Board is the doctrine of separation of powers. The Oklahoma Constitution separates the government of the State into three separate and distinct branches. Article IV, Section 1 of the Constitution provides as follows: "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." Article V, Section 1 vests the legislative authority in the Legislature by providing as follows: "The Legislative authority of the State shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also to reserve the power at their own option to approve or reject at the polls any act of the Legislature." The extent of legislative authority is set forth in Article V, Section 36 as follows: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." The executive authority is vested in the officers enumerated in Article VI, Section 1 as follows: "The Executive authority of the State shall be vested in a Governor, Lieutenant Governor, Secretary of State, State Auditor, Attorney General, State Treasurer, Superintendent of Public Instruction, State Examiner and Inspector, Chief Mine Inspector, Commissioner of Labor, Commissioner of Charities and Corrections, Commissioner of Insurance, and other officers provided by law and this Constitution, each of whom shall keep his office and public records, books, and papers at the seat of government, and shall perform such duties as may be designated in this Constitution or prescribed by law." The Governor is made the chief executive office by Article VI, Section 2 which provides as follows: "The Supreme Executive power shall be vested in a Chief Magistrate, who shall be styled `The Governor of the State of Oklahoma.'" The Governor causes the laws of the State to be faithfully executed by virtue of Article VI, Section 8 which provides as follows: "The Governor shall cause the laws of the State to be faithfully executed, and shall conduct in person or in such manner as may be prescribed by law, all intercourse and business of the State with other states and with the United States, and he shall be a conservator of the peace throughout the State." The Governor fills vacancies and commissions officers by virtue of Article VI, Section 13 which provides as follows: "The Governor shall commission all officers not otherwise commissioned by law. All commissions shall run in the name and by the authority of the `State of Oklahoma,' be signed by the Governor, sealed with the Great Seal of the State of Oklahoma, and attested by the Secretary of State. When any office shall become vacant, he shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law." Therefore, in light of these provisions, is it violative of the doctrine of separation of powers for two members of the legislature to be appointed by that entity to same on an executive board? It is abundantly clear that the Board created by 74 O.S. 1304 [74-1304] (1967), is a part of the executive branch of government. The Legislature has stated the purpose of the Board in Section 1306, supra, to be administration and management of the Health Insurance Plan of the State employees. The Legislature has performed its function by enacting the statute. It now remains for the executive branch to carry this statute into effect. The function of the Legislature has been defined as the determination of policy and approval of a rule of conduct to carry that policy into execution, Kivoshi Hirabavashi v. U.S., 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774. See also Yakus v. U.S., Mass., 321 U.S. 414, 64 S.Ct. 660,88 L.Ed. 834; State ex rel. Public Institutional Building Authority v. Heffner, 137 Ohio St. 390, 30 N.E.2d 705. After the policy has been determined by the Legislature, it is the function of the executive branch of government to carry out that policy. Arkansas Amusement Corporation v. Kempner, 182 Ark. 897, 33 S.W.2d 42;Morgan v. Tennessee Valley Authority, C.C A. Tenn., 115 F.2d 990; Tucker v. State, 218 Ind. 614, 35 N.E.2d 270. The function of the executive branch is to execute the laws of the State, and the Legislature is prohibited from encroaching upon executive powers except when incidental to the legislative function. State ex rel. Crable v. Carter, 187 Okl. 421,103 P.2d 518; Simpson v. Hill, 128 Okl. 269, 263 P. 635,56 A.L.R. 706; Giss v. Jordan, 82 Ariz. 152, 309 P.2d 779, 16 C.J.S. Constitutional Law, Section 130. The rule stated in 16 Am.Jur.2d Constitutional Law, Section 231, P. 481 is as follows: "The legislature can neither enforce the laws which it has the power to make, nor, in the usual instance, appoint the agents charged with the duty of such enforcement. . . . And the appointment of managers of government property or business is essentially an executive act which the legislature is without capacity to perform directly or through any of its members." While the creation of office is a "legislative function" the appointment of officers in the executive branch is an "executive function." Tucker v. State, 318 Ind. 614,35 N.E.2d 270; Ashmore v. Greater Greenville Sewer District,211 S.C. 77, 44 S.E.2d 88, 173 A.L.R. 397; 16 Am.Jur.2d Constitutional Law, Section 233. The principle of separation of powers is well stated in Springer v. Philippine Islands, 277 U.S. 189, 48 S.Ct. 480, where the United States Supreme Court ruled on the validity of a committee (consisting of the Governor General, the President of the Senate, and the Speaker of the House of Representatives) which acted as the directorate and management of a public corporation created by legislative act. The court held that the voting of stock in the election of directors and managing agents of the corporation was an executive function, and that an attempt by legislative act to repose such functions in legislative officials violated the provision in the Philippine Organic Act dividing the functions of government between the legislative, executive, and judicial officers. The court, in its syllabus, announced the following principles: "3. This separation and the consequent exclusive character of the powers conferred upon each of the three departments of the government, is basic and vital — not merely a matter of governmental mechanism. "4. It may be stated as a general rule inherent in the American constitutional system, that, unless otherwise expressly provided or incidental to the powers conferred, the legislature cannot exercise either executive or judicial power; the executive cannot exercise either legislative or judicial power; and the judiciary cannot exercise either executive or legislative power. "5. Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or to appoint the agents charged with the duty of enforcing them. The latter are executive functions. "6. Not having the power of appointment, unless expressly granted or incidental to its powers, the legislature cannot engraft executive duties upon a legislative office, since that would be to usurp the power of appointment by indirection. "7. The appointment of managers (in this instance corporate directors) of property or a business in which the government is interested, is essentially an executive act which the legislature is without capacity to perform, directly or through its members." It is the opinion of the Attorney General that your inquiry be answered as follows: Title 74 O.S. 1304 [74-1304] (1967), is unconstitutional insofar as it provides for the Chairman of the Insurance Committee of the House of Representatives of the State of Oklahoma and the Chairman of the Business, Industry and Labor Relations Committee of the Senate of the State of Oklahoma to serve as members of the State Employees Group Health Board. (Reid Robison)