

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 31, 1972

Hon. Everett L. Anschutz
Executive Secretary
Employees Retirement System of Texas
P. O. Box 12337, Capitol Station
Austin, Texas 78711

Dear Mr. Anschutz:

Opinion No. M- 1206

Re: Meaning of "Chief
Executive Officer"
of a state agency
under Article
6228a, V.C.S.

You have requested our opinion as to the meaning of the term "Chief Executive Officer" under Article 6228a, Section 4 H.2., Vernon's Civil Statutes, as applied to the Texas State Hospitals and Special Schools, under the facts presented. We quote in part from your request:

"Reference is made to Subsection H.2. of Section 4 of Article 6228a, Vernon's Texas Civil Statutes, which provides that under specified circumstances a contributing member of the Employees Retirement System of Texas shall be eligible to claim credit for service as a Board Member of a statutory Texas State Department having statewide jurisdiction. Your attention is directed to that portion of Article 6228a, V.T.C.S., which provides as follows:

'. . . .Credit for such service shall be granted only upon payment of all contributions, penalties and fees required. Contributions required for eligible board members shall be based upon the salary paid to the <u>chief executive officer</u> (emphasis added) of such department, agency or commission during the time for which such credit is claimed.'

"A former member of the Board for Texas State Hospitals and Special Schools has requested credit with the Employees Retirement System of Texas for his service on that Board, dating from January 1957 through December 1962. The Board for Texas State Hospitals and Special Schools was created pursuant to Article 3174b, V.T.C.S., and was responsible for

-5917-

the management and control of the Texas State Hospitals and Special Schools. To accomplish its purpose, Section 5 of Article 3174b, V.T.C.S., authorized the Board for Texas State Hospitals and Special Schools to employ necessary personnel to carry out the policies of the Board. . .

"This office has interpreted the statutory language 'Chief Executive Officer' of Subsection H.2. of Section 4 of Article 6228a, Vernon's Texas Civil Statutes, to mean the highest paid officer of the department. . .

"Our interpretation has been questioned with the contention that the term 'Chief Executive Officer' means the Executive Director of the Board as provided for in Article 3174b, V.T.C.S."

An "Executive Officer" is defined to be one whose duties are mainly to cause the laws to be executed and obeyed. Petterson v. State, 58 S.W.100, 101 (Tex.Crim.App. 1900). An executive officer is one who assumes command or control and directs the course of business and who outlines duties and directs the work of subordinate employees. Arkansas Amusement Corp. v. Kempner 182 Ark. 897, 33 S.W.2d 42, 43 (1930).

"Chief" means main or principal, Dobess Realty Corp. v. Magid, 61 N.Y.S.2d 324, 328 (1946), and implies an executive or directing head; the directing head of a department or agency, or the like. Stout v. Stinnett, 210 Ark. 684, 197 S.W.2d 564, 565(1946).

We conclude that the "Chief Executive Officer" of the department or agency with which we are here concerned, the Texas State Hospitals and Special Schools, pursuant to Article 3174b, Section 5, Vernon's Civil Statutes, which was in effect during the time the credit for state service is claimed, was the "Executive Director of the Texas State Hospitals and Special Schools", whose statutory salary was first set under the statute at $10,000 per annum. Under Article 3174b, the Board was required to employ such Executive Director, with "qualifications and training which suit him to manage the affairs of a modern system of State Hospitals and Special Schools." The statute further provided that ". . . it shall be his duty to carry out the policies of the Board in the management and

control of the institutions under said Board.  The Executive
Director shall give bond in the sum of Fifty Thousand Dollars
($50,000) payable to the State of Texas conditioned upon the
faithful performance of his duties."

There can be no doubt that the Legislature intended that
the Executive Director was to be the bonded officer with the
principal or chief managerial and control powers to execute
the Board's policies and plans and to cause its rules and
regulations to be carried out and obeyed.  The mere fact that
other specialized employees might receive a larger salary
while in the employment of the Board under the current or
subsequent appropriations act would have no bearing upon the
statutory office and nature of duties and responsibilities
of the Executive Director.  The statute must prevail over the
appropriations act, and regardless of any title given in the
latter to any other employees.  For the legislature is without
power to legislate in the appropriations act or to change the
statutory law in this respect.  Attorney General Opinion Nos.
M-1141(1972); M-208A(1968); Moore v. Sheppard, 144 Tex. 537,
192 S.W.2d 559(1946). M-280 A

For example, it is noted in the appropriation act for the
years ending August 31, 1960 and August 31, 1961 (56th Leg.
3rd C.S., Ch. 23, pgs. 473-474) there was appropriated $20,000
for the Director of Mental Health and Hospitals, whereas the
Executive Director, who is also given the title of "Administrator
of Special Schools" was appropriated only $15,000.  Any ambiguity
in the title shown in the appropriation act, "Executive Director
and Administrator of Specil Schools" may be resolved by reference
to the statute creating the office of "Executive Director."
Such designation by the Legislature in the appropriation bill
does not and can not have the effect of changing or demoting
the Executive Director from his statutory office and duties as
the "Chief Executive Officer" of the Texas State Hospitals and
Special Schools.  In order to effectuate a change in that
status, a statutory amendment would be necessary.  There was
none.  Such general legislation constitutes a separate subject
and cannot be included within the general appropriation act.
See Attorney General Opinion No. M-1199(1972) and authorities there
cited.  We cannot, therefore, construe the term "Chief Executive
Officer" as used in Section 4 H.2. of Article 6228a, to mean the
highest paid officer of the department.

Hon. Everett L. Anschutz, page 4          (M-1206)

SUMMARY- S U M M A R Y -

The term "Chief Executive Officer" as used in Article 6228a, Section 4 H.2., V.C.S., in determining contributions required for eligible board members who qualify for retirement credit for service, and as applied to the Texas State Hospitals and Special Schools under the facts presented, does not necessarily refer to the highest paid officer of the department or agency but refers to the "Executive Director of the Texas State Hospitals and Special Schools", who was the bonded officer with the principal managerial and control powers to execute the Board's policies and plans and to cause its rules and regulations to be carried out and obeyed.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

J. C. Davis
Ben Harrison
Roger Tyler
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant